## WINSTON et al. v. WYOMING COUNTY COURT.

(Circuit Court of Appeals, Fourth Circuit. April 6, 1920.)

No. 1770.

**Highways ⚖113(4)—Order of county court justified discontinuance of work under contract.**

Where plaintiffs contracted with a county to build a road at specified prices for work and materials, and had done a large amount of work thereon, the service upon them and other contractors of an order of the county court that,."it appearing to the court that all the funds available for the construction of roads have been exhausted, it is ordered that all work on all the roads heretofore contracted be suspended," *held* to justify plaintiffs in discontinuing the work, although the order contained a further direction to the county engineers to "measure and make up at once a final estimate on all such roads, except" the road covered by plaintiff's contract.

In Error to the District Court of the United States for the Southern District of West Virginia, at Bluefield.

Action by James O. Winston and others, partners as Winston & Co., against the County Court of Wyoming County, W. Va. Judgment for defendant, and plaintiffs bring error. Reversed.

Alfred G. Fox, of Bluefield, W. Va., and W. J. Henson, of Roanoke, Va. (Sanders & Crockett, of Bluefield, W. Va., and Jackson & Henson, of Roanoke, Va., on the brief), for plaintiffs in error.

D. E. French, of Bluefield, W. Va. (R. D. Bailey, of Baileysville, W. Va., and French & Easley, of Bluefield, W. Va., on the brief), for defendant in error.

Before KNAPP and WOODS, Circuit Judges, and WATKINS, District Judge.

WOODS, Circuit Judge. Winston & Co. filed a declaration against the county court of Wyoming county, W. Va., on October 22, 1919, making these allegations: On April 4, 1916, the county court of Wyoming county made a contract with the plaintiffs to build a road known as the "Pineville-Oceana Road," at prices specified for the details of the excavation and other work and for the material. The plaintiffs sublet the work to Vaughan & Redd. The subcontractors moved upon the premises their outfit of implements and tools, and did work under the contract which aggregated in value $94,798.10, of which the defendant paid $87,926.26, leaving due $7,051.94. On February 6, 1918, the county court for Wyoming county made the following order, which was duly served on Winston & Co.:

"It appearing to the court that all the funds available for the construction of roads have been 'exhausted, it is ordered that all work on all the roads heretofore contracted be suspended, and the various engineers in the employ of the county are directed to proceed at once to measure and make up at once a final estimate on all such roads except the road from Pineville to Oceana.

"The clerk of this court is directed to make certified copies of this order and mail to each contractor."

⚖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The plaintiffs construed this order as a notice that the county court had no funds with which to pay for the continuance of the work, and as a requirement that they should discontinue it. Accordingly the work was discontinued, and the subcontractors moved away all their instruments and tools and entered into a contract with other parties, thus making it impossible for them to renew the contract work on the Pineville-Oceana road. After this had been done, on March 5, 1918, the county court made another order, reciting that it appeared from a letter from Winston & Co. that they had misunderstood its former order, and declaring that it was the intention of the court in the order of February 6 "to except and reserve from the operation and effect of the provisions of the same said road from Oceana to Pineville, in so far as the same provides for suspending work of construction." This order of March 5 contained a direction that Winston & Co. proceed at once to carry out their original contract, and a notice to Winston & Co. that as soon as the work of construction should be completed the court was ready and anxious to make settlement and payment. This order was duly served on the plaintiffs.

The plaintiffs aver that they were justified in discontinuing work on the first order, and that the second order under the circumstances was of no effect. The demand is for the balance of $7,051.94 alleged to be due under the contract for the work already done.

The defendant demurred to the declaration, and the plaintiff joined in the demurrer. The court sustained the demurrer, and dismissed the action.

We think the plaintiffs' understanding of the order of February 6, 1918, was in accordance with strict grammatical construction. The requirement of the county court "that all work on all the roads heretofore contracted be suspended" covered the work of all contractors, including the plaintiffs. The first clause of the order was direct and specific, perfectly clear in its meaning, and was directed to contractors exclusively, requiring all of them without exception to cease work. It was served on the plaintiffs, presumably under the authority of the county court, and this fact indicated also that the plaintiffs were intended to be included in its terms. The second clause of the sentence, separated from the first by a comma and relating apparently to a different subject, had also a complete meaning, and was not dependent in construction on the first clause. It was directed to the engineers exclusively, requiring them "to measure and make up at once a final estimate on all such roads"—that is, on all the roads on which all the contractors had been ordered to stop work—"except the road from Pineville to Oceana." Not only did the position in the order of the exception indicate that it applied only to the measurement and estimate, but the connection imported that the road from Pineville to Oceana was one of "such roads" on which the work was to be stopped, excepted only from the requirement of measurement and estimate. The allegation of the service of this order of February 6, 1918, on the plaintiffs, the discontinuance of the work in reliance on it, the removal of the machinery, and undertaking other work, which made impossible the completion of the work under the contract of April 4, 1916, and

the presentation of the account and demand for its payment, were sufficient to constitute a cause of action. The second order of the county court of March 5, 1918, after the plaintiffs in reliance on the first order had disqualified themselves from completing the road, did not affect the rights of the plaintiffs which had already accrued. We therefore think that the demurrer should have been overruled.

This, however, is by no means conclusive of the case. The evidence of extraneous circumstances and conditions may present the matter in an entirely different light, and show that the plaintiffs either knew or should have known that the county court did not mean to stop work on the road for which they had contracted, or the evidence may show that the plaintiffs for other reasons are not entitled to recover. Upon that subject we express no opinion. All that we intend to hold is that the complaint states a cause of action. The proof may fail to establish it.

Reversed.