## WYOMING COUNTY COURT v. WINSTON et al.

(Circuit Court of Appeals, Fourth Circuit.  July 6, 1922.)

### No. 1992.

1. **Highways ⬤⟞113(4)—Contractor not discharged by order made through mistake, but corrected before change of position.**

     Where county court, in ordering suspension of work under other contracts, by mistake, used language including plaintiffs' contract, but subsequently made new order correcting the mistake, before plaintiffs had changed their situation in any way, they having done nothing in the meantime but direct a subcontractor to discontinue work already discontinued because of weather conditions, they were not released from the contract.

2. **Highways ⬤⟞113(4)—No presumption that contractors changed position because of order suspending work.**

     There was no presumption that subcontractors under a highway construction contract disabled themselves to complete the contract by contracting to perform other comparatively small jobs, after making of order by county court purporting to direct suspension of work, and before new order correcting the mistake.

3. **Highways ⬤⟞113(4)—Burden on contractor to show change of position in reliance on order suspending work.**

     Though highway construction contractors did not know order of county court suspending work on contracts was not intended to apply to their contract, the burden was on them to prove that, before making new order correcting the mistake, they did something in reliance on the first order materially impairing their ability to complete the contract.

4. **Highways ⬤⟞113(4)—In action on contract, subcontract improperly admitted.**

     In action on highway construction contract prohibiting subletting without approval, unapproved subcontract was improperly received in evidence, as introducing an irrelevant issue and confusing the jurors.

In Error to the District Court of the United States for the Southern District of West Virginia, at Bluefield; George W. McClintic, Judge.

Action by James O. Winston and others, doing business as Winston & Co., against the County Court of Wyoming County. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

See, also, 266 Fed. 686.

D. E. French, of Bluefield, W. Va. (French, Easley & Easley, of Bluefield, W. Va., on the brief), for plaintiff in error.

Alfred G. Fox, of Bluefield, W. Va., and Robert C. Jackson, of Roanoke, Va. (Jackson & Henson, of Roanoke, Va., and Sanders, Crockett, Fox & Sanders, of Bluefield, W. Va., on the brief), for defendants in error.

Before KNAPP, WOODS, and WADDILL, Circuit Judges.

KNAPP, Circuit Judge. In the court below defendants in error were plaintiffs, and plaintiff in error defendant; they will be so designated in this opinion. The facts are these:

⬤⟞For other cases see same topic & KEY-NUMBER in 'all Key-Numbered Digests & Indexes

In April, 1916, plaintiffs entered into contract with defendant to construct a public highway, some 14 miles in length, from Pineville to Oceana, in Wyoming county, W. Va. They sublet the work to Vaughan & Redd. But the contract provided that no part of the work should be sublet without the written approval of defendant and its engineer, and that approval was not given. Accordingly, Vaughan & Redd, who appear to have undertaken the work, were not recognized as subcontractors, but only as the agents or representatives of plaintiffs, and to the latter all payments under the contract were directly made. The work of building the road was prosecuted during 1916, and until the fall or early winter of 1917, at which time about 9 miles had been completed and accepted, and for which a balance of $7,015.94 then remained unpaid. Owing to severe weather conditions, nothing was done after the middle of December, 1917. On the 6th of February, 1918, defendant made this order:

"It appearing to the court that all of the funds available for the construction of roads have been exhausted, it is ordered that all the work on all the roads heretofore contracted be suspended, and the various engineers in the employ of the county are directed to proceed at once to measure and make up at once a final estimate on all such roads, except the road from Pineville to Oceana. The clerk of this court is directed to make certified copies of this order and mail to each contractor."

A copy of this order was received by Vaughan & Redd about the 10th of February, and by plaintiffs on the 17th or 18th of that month. They acknowledged its receipt on the 23d, and wrote Vaughan & Redd that day to discontinue work on the road. On the 5th of March defendant made the following order:

"It appearing to the court that on the 6th day of February, 1918, this court entered an order whereby all construction work on the various county roads was suspended, and directed the engineers in the employ of the county to make up and report to the court the final estimate on such roads, except the road from Oceana to Pineville, a copy of which order was directed to be certified by the clerk of this court to the various contractors; and it further appearing to the court that a copy of said order had been certified and transmitted to Winston & Co., contractors on said Pineville-Oceana road, and that the said Winston & Co. have acknowledged receipt thereof in a letter dated at Richmond, Va., February 23, 1918, and addressed to this court; and it further appearing to this court from said letter that the said Winston & Co. do not understand the provisions of said order—it is hereby declared that it was the intention of this court, in making and entering said order, to except and reserve from the operation and effect of the provisions of the same said road from Oceana to Pineville, in so far as the same provides for suspending work of construction. It is further declared that it was the intention of this court, at the time of entering said order, to have the final measurement and estimates taken and made on said road from Oceana to Pineville as soon as the work of construction thereon was completed by the contractor, as provided in the contract for the construction of said road. It is therefore ordered that the said Winston & Co., as such contractors as aforesaid, be, and they are hereby, requested and directed to proceed at once to complete the construction of said road from Oceana to Pineville, according to the provisions of said contract, and they are hereby notified that said order of February 6, 1918, was not intended and does not in any way have any application to said road from Oceana to Pineville, and does not in any way affect, change or impair the provisions of the contract for the construction thereof. Said Winston & Co. are therefore hereby notified that as soon as the work of construction of said road is completed, according to the provisions of the contract for the construction thereof,

this court is willing, ready, and anxious to make a complete settlement and pay the said Winston & Co. any amount that may be due to them on said contract; and the said Winston & Co. are further notified that said court is ready, willing, and anxious to measure and make up the final estimate on said road, as soon as the construction thereof is completed as aforesaid. And the clerk of this court is hereby ordered and directed to file the letter from Winston & Co. hereinabove referred to as a part of the records of his office, and to make and certify to said Winston & Co. a copy of this order, as and for the answer of this court to said letter; and said clerk is also hereby ordered and directed to certify a copy of this order to Vaughan & Redd."

This order was served on Vaughan & Redd almost immediately, and on plaintiffs two days after it was entered. Plaintiffs, however, ignored the order and refused to complete the work. It was afterwards completed by defendant at a cost very much in excess of the amount now claimed by plaintiffs, or which would have been due them if they had performed the contract. In December, 1918, this suit was brought, to recover the balance above stated. A demurrer to the declaration was sustained by the court below, but this court reversed the ruling, for reasons stated in its opinion. 266 Fed. 686. At the trial which followed, plaintiffs recovered a judgment for the amount sued for, and defendant brings the case here on writ of error.

[1] It is evident that defendant did not intend, by the order of February 6th, to suspend work on the Pineville-Oceana road, or to interfere in any way with its completion. Unfortunately, however, the wording of the order permitted the contrary inference, and plaintiffs' claim that they so understood it "is in accordance with strict grammatical construction," as we held on the former appeal. Still, this is not the case where one party repudiates a contract and afterwards attempts to recall the repudiation, but rather the case where one party makes a mistake, of which the other party seeks to take advantage. And the rule of law to be here applied, as we apprehend, is this: If plaintiffs knew, or should have known, before they disqualified themselves from completing the contract, or the situation had otherwise materially changed to their detriment, that the first order was not intended to suspend the work in question, they cannot justly claim release from their obligation. It is not what they knew at the time that order was issued, as the learned judge told the jury, doubtless by inadvertence, but what they did afterwards, if anything, because of the order and in reliance upon it, and before they learned the truth about it, which they otherwise would not have done, and the doing of which operated in a material degree to disqualify them from performing the contract or substantially increased the hardship of its performance.

But nothing of the sort happened. The situation of plaintiffs, as respects this contract, was precisely the same on the 5th of March as it was on the 6th of February. In the whole interval between the two orders not the slightest change is shown to have taken place. True, they wrote Vaughan & Redd to discontinue work on the road. But all that work had been discontinued more than two months before, and not resumed in the meantime. In short, it does not appear that plaintiffs were in any wise prejudiced or put to the least disadvantage by

reason of the order on which they now rely. This being so, we are of opinion that the suit cannot be maintained. Surely, the mere mistake of defendant, corrected before it was acted on, which in no manner affected the situation of plaintiffs, should not serve to relieve them from liability under their contract.

[2] The case would hardly be better if plaintiffs could avail themselves of any disqualification which resulted to Vaughan & Redd. But even they are not shown to have done anything between the two orders which would have made it more difficult for them to continue the road work. All their tools and equipment, including the mules, which they had or left on the Pineville-Oceana road, when they stopped work in the fall of 1917, remained there until at least the 12th of March, a week after they were served with the second order. It seems, however, that before receiving this order they did make a contract to build a railroad siding at Mullens, which is on the Pineville-Oceana road, and also agreed to do some grading for a coal company. But neither of them says that they took these jobs because they supposed defendant's first order put an end to work on the road contract, and that they would not have taken them otherwise. For aught that now appears, they would have contracted to build the siding and do the grading just the same, if at the time they had expected to go on in the spring and finish the road. These were comparatively small jobs, and there is no presumption that by undertaking them Vaughan & Redd disqualified themselves from continuing work under the contract in question.

[3] There was some conflict of testimony as to whether plaintiffs knew or should have known, through Vaughan & Redd, or otherwise, what the fact was about the first order before they got the second order. But that is not the question on which the case turns. Granted they did not know until the second order was served, nevertheless the burden was upon them to prove that in the meantime they had done something, by reason of the first order and relying upon it, which otherwise they would not have done, and which operated in a material degree to impair their ability to complete the road contract and rendered its enforcement inequitable. As no such proof was made, and nothing shown to warrant a jury in finding for plaintiffs on that issue, we are constrained to hold that defendant was entitled to a directed verdict.

[4] Since there must be another trial, we take occasion to say that in our judgment the contract between plaintiffs and Vaughan & Redd was improperly received in evidence. The defendant may not have been seriously prejudiced by its admission, and the remarks of the court in that connection; but it introduced an irrelevant issue and tended to confuse the minds of the jurors. We think it should have been excluded.

We are also of opinion, without arguing the point, that defendant issued the order of March 5th with all reasonable promptness, considering weather and road conditions, after learning from plaintiffs' letter of February 23d of the construction put by them on its prior order.

The other assignments of error are not deemed of sufficient importance to be made the subject of discussion.

The judgment will be reversed, and the cause remanded for a new trial.

Reversed.