# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

NORRIS, ALLISTER-BALL CO. v. MILLER.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8479. Decided May 14, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

DEBTOR & CREDITOR—Court (180 Jb)
(210 B) Bankruptcy proceedings having been instituted in United States District Court, Court of Common Pleas has jurisdicition to hear and determine suit to recover money and goods turned over to creditors in such manner as to constitute alleged preference.

(210 Bd) Trustee in Bankruptcy has right to resort to legal process in any court which will aid him to recover assets belonging to bankrupt estate.

(210 Be) Not necessary to allege or prove that creditor knew that bankrupt was insolvent. Sufficient that he had reasonable grounds for believing that property and money which he accepted would create preference.

PLEADINGS.
(440 A2) Trial court may order amendment of pleadings to correspond to evidence before or after judgment.

TRIAL.
(590 E3a) Error in admission of evidence held not prejudicial because of substantial justice.

Error to Common Pleas.

Judgment affirmed.

Turney & Sipe, Cleveland, for Norris, Allister-Ball Co.

Sanders, Monahen & Sanders, Cleveland, for Miller.

## STATEMENT OF FACTS.

This cause was tried to a jury in the Court of Common Pleas and resulted in a verdict in favor of Wayne E. Miller, Trustee in Bankruptcy of the estate of Herbert C. Myers, for the full amount prayed for in the petition. The theory of the cause of action was that Myers was indebted to Norris, Allister-Ball Co., and to others in various sums, and while he was insolvent and with knowledge of the insolvency, Norris, Allister-Ball Co. accepted a sum of approximately $549.85, $330.00 being in merchandise, and the balance in money, during January, 1926, and applied it on the past due indebtedness which Myers owed The Norris-Allister-Ball Co.

It was asserted that this statement of facts, set forth in the petition, constitutes a preference under the law, and this suit was instituted to recover money and goods turned over to Norris, Allister-Ball Co.

We are confronted with the first assignment of error, namely, that the State Court had no jurisdiction to hear and determine this suit, since bankruptcy proceedings were then pending in the United States District Court. LEVINE, J.

It seems to us that Subdivision E, of Section 70 of the Bankruptcy Act settles this question.

In the absence of any legal statutory impediment to the exercise of jurisdicition by the State court, we can. see no clear process of reasoning which would deprive a State Court of general jurisdiction of the power to hear and determine the case at bar. The Trustee in Bankruptcy whose duty it is to gather in the assets of the bankrupt, no matter where found, has the right to resort to legal process in any court which would aid him to recover back assets belonging to the bankrupt estate.

The plaintiff in error objected to the introduction of any evidence under the petition, which was overruled. It is claimed that the court committed error in overruling said motion, because the petition did not set forth a cause of action. We are referred to Vol. 2 of Loveland on Bankruptcy, p. 1061, dealing with the subject of, "What are necessary allegations in an action to recover a preference."

Also Vol. 1, Remington on Bankruptcy, p. 129.

Also Collier on Bankruptcy, p. 773.

In order to cure some of the objections to the petition, the defendant in error who was plaintiff in the trial court, made an application for leave to file an amended petition, which leave was granted by the court. This leave was granted after judgment was rendered. It is asserted that the court committed error in granting such leave, after judgment.

We are unable to agree with the contention of counsel, for the reason that under. our procedure as prescribed by the General Code, the trial court may, on its own motion, in furtherance of justice, order an amendment of the pleadings to correspond to the evidence, before or after judgment.

We hold that the law governing this case is covered by the following authorities:

Section 60-b as amended in 1910, Bankruptcy Act of the United States Statutes.

Since the amendment, it is no longer necessary to allege or prove that the creditor knew that the bankrupt was insolvent, but it is sufficient under the amended act to allege and prove that the creditor had reasonable grounds for believing that the property and money which he had accepted to apply upon the past indebtedness of the bankrupt, would create a preference.

Walker v. Wilkinson, 296 Fed. 850.
Abdo v. Townsend, 282 Fed. 474.

A reading of the record justifies the conclusion that there was credible evidence sustaining the position of the Trustee, namely, that The Norris, Allister-Ball Co., with reasonable grounds for believing that the bankrupt was insolvent, had accepted goods and money as a preference. If this state of facts appeared at the trial, the trial court was justified in brushing aside the thin layer of technical impediments and order that the pleadings be made to correspond to the evidence.

There was a further assignment of error, namely that the court permitted defendant in error who was plaintiff below, to introduce as against objection, the schedules filed by the bankrupt. It is claimed that this constitutes reversible error, relying upon authorities of Remington on Bankruptcy, Vol. 2, p. 1356.

Also American Bankruptcy Reports, Vol. 10, p. 214.

American Bankruptcy Reports, Vol. 11, p. 620, under the heading of "Fraudulent Conveyances—burden of proof" lays down the rule.

It appears that the defendant in error called the bankrupt as a witness. The court permitted counsel for defendant in error to cross-examine the bankrupt. It was on this cross-examination that these schedules which are objected to, were referred to and inquired into.

Viewing this case in the light of all the evidence presented, we cannot see wherein the introduction of the schedules could have materially changed the results. In other words, we hold that even if error was committed, that the same does not constitute prejudicial error substantially affecting the rights of plaintiff in error. We come to the conclusion on a reading of the record that substantial justice has been done in this case and that the errors complained of do not constitute reversible error.

Judgment of the Common Pleas Court will therefore be affirmed.

(Sullivan, PJ., and Vickery, J., concur.)