## COLLINS v. THOMPSON GROCERY CO. (No. 329.)

(Court of Civil Appeals of Texas. Waco. April 8, 1926.)

**1. Bankruptcy ⬥268—Burden of proof held on purchaser and assignee of bankrupt's account to show that bankrupt was insolvent at time account was created, that allowance of offset would create unlawful preference, and that defendant knew such fact (Bankruptcy Act, § 60b [U. S. Comp. St. § 9644]).**

Under Bankruptcy Act, § 60b (U. S. Comp. St. § 9644), *held*, that burden of proof was on one suing as assignee of account of bankrupt to show that bankrupt was insolvent at time items of account were purchased, that to allow account as credit on bankrupt's note to defendant would allow defendant a larger percentage than other creditors, and that, at time items of account were purchased, defendant knew that to allow note as offset against account would create an unlawful preference.

**2. Bankruptcy ⬥159.**

For preference to be voidable, it must be shown that its allowance would create an advantage in favor of one creditor over other creditors.

**3. Bankruptcy ⬥268—There being no evidence to show that creditors of same class as defendant received smaller per cent., evidence was insufficient to support judgment disallowing offset of defendant's note against bankrupt to suit by purchaser and assignee of bankrupt's account.**

Where director of grocery company, knowing of its insolvency, purchased groceries and offset price thereof on his note against company, in suit on account therefor by assignee of company's bankruptcy trustee, where there was no evidence that creditors of the same class as defendant received less per cent., evidence was insufficient to support judgment disallowing such offset.

Appeal from Bosque County Court; B. F. Word, Judge.

Suit by the Thompson Grocery Company against G. W. Collins. Judgment for plaintiff in both justice and county court, and defendant appeals. Reversed and remanded.

---

. H. Womack, of Waco, for appellant.
J. B. Talley, of Temple,. for appellee.

STANFORD, J.  This suit was instituted by appellee against appellant in the justice court to recover on account for groceries for $139.48; said groceries having been sold by, and said account accrued in favor of, the Home Grocery Company against appellant, and ·said Home Grocery Company having been adjudged a bankrupt and all its accounts sold by the trustee in bankruptcy and purchased at such sale by appellee. ·Appellant pleaded, in effect, in both the justice court and county ·court, a note for $200 due him by the Home Grocery Company as an offset against said account.  In the county court the case was tried before the court without a ·jury, and judgment rendered in favor of appellee for the amount of the account sued upon and refusing to allow appellant's note as an offset.  There is no statement of facts in the record, but the trial court, at the request of appellant, prepared and filed findings of fact and conclusions of law, which are in no way challenged by appellant.

### Findings of Fact.

As disclosed by the findings of the trial court: The Home Grocery Company was a private corporation, which did a grocery business at Clifton for several years and up to January 27, 1925, and that appellant was a stockholder and one of the directors of said corporation.  That some time prior to January 27, 1925, said corporation was in-.solvent, and appellant knew it was 'insolvent, and that appellant and some other stockholders, who are not involved in this suit, for the purpose of enabling said corporation to continue its business, each loaned said corporation $200, and took the corporation's note therefor, the one given to appellant being the same note pleaded by appellant as an offset to the account sued upon by appellee herein.  Said corporation continued to be insolvent after the execution of said note, of which appellant had notice, until it was adjudged a bankrupt January 27, 1925. That prior to September 4, 1924, appellant purchased goods from said corporation at various times and paid for them.  That between the dates September 4, 1924, and January 27, 1925, appellant purchased from said corporation goods amounting to $139.48, and has never paid for same, or any part thereof.  That on or about January 22, 1925, appellant, with some other stockholders and directors, began holding meetings, and without the knowledge or consent of the president, with the view of having the corporation file a petition in bankruptcy, and did cause a voluntary petition in bankruptcy to be prepared and filed on behalf of said corporation on January 27, 1925, and that all the goods purchased by appellant on and

after January 22, 1925, amounting to $122.-62, were purchased. with full knowledge and in contemplation of said bankruptcy proceedings, and for the purpose of offsetting his note, above referred to, against the purchases so made, and securing a preference over other creditors of the Home Grocery Company of the same class.   There was never any agreement between appellant and any one authorized to act for said corporation that appellant could credit the value of the goods purchased by him on the note due him by the corporation.  That, as above stated, a voluntary petition in bankruptcy was filed by the Home Grocery Company on January 27, 1925, and on same date said corporation was adjudged a bankrupt.  That in the inventory and as a part of the accounts due said bankrupt was included and listed the account against appellant in the sum of $139.48 sued on herein.  That said accounts, including said account against appellant, were sold by Nathan Patton, trustee of said bankrupt estate, under orders of the bankruptcy court to appellee herein, and report of sale was duly made and confirmed by the referee in bankruptcy, and said trustee executed a bill of sale of said accounts, including the account against appellant to appellee, the Thompson Grocery Company.

### Opinion.

[1] Section 60b of the Bankruptcy Act (U. S. Comp. St. § 9644), as applied to this case, is as follows:

"If a bankrupt shall have * * * made a transfer of any of his property, and if, at the time of the transfer, * * * the bankrupt be insolvent and the * * * transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such * * * transfer ·would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person."

If this suit had been brought by the trustee of the estate of the Home Grocery Company, the bankrupt, against appellant on said account, and appellant had sought to offset his note for $200 against the account sued on, then, in order to defeat such offset, the burden of proof would have been upon such trustee to show that to do so would result in an unlawful preference in favor of appellant over other creditors of the same class.   Appellee, having purchased the account sued upon, thereby became invested with all the rights and obligations of such trustee, pertaining to a suit on said account, and nothing more.   So under the statute above quoted, which is controlling in this case, in order to defeat appellant's set-off, the burden of proof was upon appellee to show by the evidence (1) that the bankrupt was insolvent at the time the several items

of the account were purchased; (2) that to allow said account as a credit on appellant's note would enable appellant to receive a larger percentage on his note against the bankrupt than other creditors of the same class; (3) that at the time the items of said account were purchased appellant had reasonable cause to believe that to allow said note as an offset against said account would effect a preference—that is, enable him to secure a larger per cent. on his debt than other creditors.

[2, 3] The purpose of the bankrupt law is to secure equality among all creditors of the same class. In order for a preference to be voidable, it must be an unlawful preference, and to show an unlawful preference it must be shown that for it to be allowed would enable the one claiming it to reap an advantage over other creditors of the same class. If the set-off in this case had been allowed, appellant would have received the amount of said account, $139.48 in satisfaction of his $200 note. The date of said note, the rate of interest, whether or not it provided for attorney's fees, not being in the record, we are unable to determine the amount due on same, but, if said offset had been allowed, appellant probably would not have received more than 50 per cent. or 75 per cent. of his debt against the bankrupt, and, in order to defeat such set-off, it was incumbent upon appellee to show that other creditors of the same class received a smaller per cent., and, there being no evidence to show what other creditors of the same class received, the evidence was insufficient to support the judgment of the trial court. Section 60b, Bankruptcy Act (U. S. Comp. St. § 9644); Peck & Co. v. Whitmer, 231 F. 893, 146 C. C. A. 89; Walker v. Wilkinson (C. C. A.) 296 F. 850; Collier on Bankruptcy, vol. 2, p. 1247, and notes.

For the error of the court as above indicated, the judgment is reversed, and the cause remanded.