ATLAS v. EASTERN YARN MILLS, Inc.
No. 162.

District Court, E. D. New York.
May 5, 1939.

Nathan B. Fogelson, of New York City, for plaintiff.

Lewis Landes, of New York City (Samuel C. Duberstein and Max Schwartz, both of Brooklyn, N. Y., of counsel), for defendant.

MOSCOWITZ, District Judge.

This action is brought by the Trustee in bankruptcy of Stuart Sportswear, Inc., to recover the amount of an alleged preferential payment to the defendant. In addition to denying the preference, the defendant claims a set-off under Section 60c of the Bankruptcy Act, 11 U.S.C.A. § 96(c), to the extent of new credits advanced after March 2, 1937, the date of the alleged preferential payment.

On March 2, 1937, the bankrupt was indebted to the defendant in the amount of $1,457.38 for goods, wares and merchandise. On that date, the defendant received from the bankrupt trade acceptances and checks aggregating $1,302.36 to be applied in reduction of the indebtedness due by the bankrupt to the defendant.

On the next day, the bankrupt and the defendant entered into an agreement whereby the defendant was to deliver new merchandise to the bankrupt on a consignment arrangement under which the bankrupt within twenty days after the receipt of such merchandise was to convert the same into knitted garments. Title to the merchandise delivered was to remain in the defendant. When the knitted garments were manufactured and sold, title was to pass directly from the defendant to the third party and defendant was to receive from the bankrupt an assignment of the account receivable.

Between March 3, 1937, and July 29, 1937, transactions, supposedly on this basis, resulted in a balance of $3,115.08 owing by the bankrupt to the defendant. This amount defendant seeks to set off against the plaintiff's claim for recovery of a preference.

The evidence adequately supports the conclusion that the payments made to defendant were preferential. The question remains whether defendant is entitled to a set-off. Section 60c of the Bankruptcy Act provides: "If a creditor has been preferred, and afterward in good faith gives the debtor further credit without security of any kind for property which becomes a part of the debtor's estate, the amount of such new credit remaining unpaid at the time of the adjudication in bankruptcy may be set off against the amount which would otherwise be recoverable from him."

In order that the defendant be entitled to a set-off, Section 60c requires that the credit advanced become part of the debtor's estate. Kaufman v. Tredway, 195 U.S. 271, 25 S.Ct. 33, 49 L.Ed. 190. Furthermore, the advance must have been made in good faith. Grandison v. National Bank of Commerce of Rochester, 2 Cir., 231 F. 800; certiorari denied, 242 U.S. 644, 37 S. Ct. 213, 61 L.Ed. 642. The theory and basis of the right of offset of new credits against previous preferences is the enrichment of the trust fund by the new assets added to it since the time of the prior depletion caused by the preference. See Walker v. Wilkinson, 5 Cir., 296 F. 850, 854; Remington on Bankruptcy (4th Ed. 1935) Sec. 1845.

Only one case seems to have passed directly upon the meaning of the words "without security of any kind" as used in Section 60c. In this case it was held that where a continuing second mortgage was given to secure all present and future indebtedness and the total indebtedness ran far in excess of the value of the mortgage, new advances under these circumstances were to be treated as "without security of any kind". In re Tanner, 6 Amer. Bank.Rep. 196, W.D.N.Y. The Court took the realistic attitude that the absence of adequate security was in effect to be regarded as the absence of "any" security with respect to advances which would be unprotected as a practical matter.

If the principles of these various authorities be applied to the case at bar, they argue for a conclusion that the set-off be permitted. Whatever the expectations of the parties may have been with respect to their dealings after March 3, 1937, it is sufficient to notice that the merchandise delivered to the debtor in good faith resulted in an obligation of the debtor to the defendant in the amount of $3,115.08.

The debtor having been enriched to that extent, and the creditor being without any security to insure recovery of this amount or any part thereof, Section 60c embodying equitable principles, permits these later enrichments to be set off against the amount of the preference.

Judgment for the defendant.

Settle findings and judgment on notice.