**In re Frederick BOHRER a/k/a Frederick Bohrer III, Kathryn Bohrer, h/w, Debtors.**

**Bankruptcy No. 81–03076K.**

United States Bankruptcy Court, E. D. Pennsylvania.

May 11, 1982.

Stewart J. Berger, Philadelphia, Pa., for debtors.

Arthur T. McWilliams, Philadelphia, Pa., trustee.

Samuel L. Spear, Philadelphia, Pa., for Frederick S. Wallace.

M. Stuart Goldin, Philadelphia, Pa., for Ralph C. Blumberg, Inc.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on applications to avoid liens pursuant to § 522(f) of the Bankruptcy Code. The liens in question are judgments held by Ralph Blumberg, Inc. and Frederick S. Wallace. The Court, for the reasons stated below, will enter an Order denying the application of the debtors.[1]

This case is subject to a complex factual situation which bears explanation. On August 3, 1981, the debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. In January of 1982, the debtors filed several applications to avoid judicial liens. Two (2) of the judgment creditors, Ralph Blumberg, Inc. and Frederick S. Wallace, filed answers to the attempted avoidance of their liens. Hearing on the Blumberg application was scheduled for March 9, 1982. Hearing on the Wallace application was scheduled for March 10, 1982.

At the hearing on March 9th, testimony was taken in full and avoidance of the lien was denied. The Court found the value of the property to be $75,000. The judgment of Blumberg, therefore, did not impair the exemption to which the debtors were entitled to claim under § 522(d). The Court ruled that the lien could not be avoided under § 522(f)(1) of the Code. Counsel for Blumberg was directed to submit a proposed form of order to deny the application. The Court entered this Order upon its submission.

On March 10th, counsel for the other judgment creditor, Frederick S. Wallace, appeared and requested the Court to deny the debtors' application. Counsel asserted that the principle of collateral estoppel should apply in this case and prevent the debtors from asserting a different value for their property. Therefore, counsel asserted, the Wallace lien could not be avoided pursuant to § 522(f)(1) because the debtors' exemption was not impaired.

Counsel for the debtors vigorously opposed this argument. The Court held the matter under advisement. At the hearing, however, the Court indicated that the position advanced by Wallace seemed sound. An Order was not entered denying the avoidance of the Wallace lien. The Court, instead, requested memoranda of law on the collateral estoppel issue. Debtors' counsel filed a motion for reconsideration of the ruling in regard to the Blumberg lien.

■ The Court will not grant reconsideration of the Order denying the avoidance of the Blumberg lien. The debtors had a full and fair opportunity to litigate this matter and, furthermore, the issue was actually tried on March 9, 1982. The Court can only conclude that the Order denying avoidance of the Blumberg lien is *res judicata.*

■ In regard to the Wallace lien, the Court finds that collateral estoppel should apply in this situation. There are four (4) requirements which must be present to invoke collateral estoppel:

1. The issue must be the same.
2. The issue must have been litigated.
3. There must be a final judgment on the merits.
4. The determination must have been essential to the judgment.

*In re McMillan,* 579 F.2d 289 (3d Cir. 1978). All four (4) requisites are met in this case. The valuation issue is crucial to issues of lien avoidance and was litigated on March 9th. The Court ruled from the bench at the conclusion of the hearing and entered a written Order shortly thereafter.

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

The case *sub judice*, however, is distinct from *McMillan* in that one who was not a party to the original litigation is requesting the Court to apply of collateral estoppel. However, collateral estoppel is not limited by the doctrine of mutuality of parties. *Parklane Hosiery Company v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979). The Supreme Court of the United States has said that:

> ... once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.

*Montana v. U. S.*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979).

Once an issue of fact has been determined by the Court after a full and fair opportunity to litigate, collateral estoppel will apply to prevent needless, duplicative litigation.[2] *Parklane, supra; Montana, supra.* Once a party has litigated and lost in a prior proceeding, collateral estoppel may be properly applied against him. *Parklane, supra.* In the instant case, the notes of testimony from the hearing on March 9th show the case to have been vigorously litigated. The Court, therefore, will properly apply collateral estoppel to bar further litigation on the issue of value of the premises.

An appropriate Order will be entered.

---

2. Collateral estoppel, however, may be rendered inappropriate by changes in facts essential to the judgment. *Montana*, 440 U.S. at 159, 99 S.Ct. at 976.