In re **MARKETING RESOURCES INTERNATIONAL CORP., Debtor.**

**MARKETING RESOURCES INTERNATIONAL CORP., Plaintiff,**

v.

**PTC CORPORATION, Defendant.**

**Bankruptcy No. 83–01437G.**
**Adv. No. 84–0611G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 28, 1984.

William H. Ewing, Nancy G. Brockway, Hangley, Connolly, Epstein, Chicco, Foxman & Ewing, Philadelphia, Pa., for debtor/plaintiff, Marketing Resources International Corp.

Matthew J. Siembieda, Andrew D. Bershad, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for defendant, PTC Corporation.

## OPINION

EMIL F. GOLDHABER, Chief Judge.

The predominant issue in the controversy before us is whether we should grant a motion filed by the defendant, PTC Corporation ("PTC"), to dismiss a complaint for tortious interference with contractual relations filed by the debtor. For the reasons expressed herein, we will enter an order denying PTC's motion.

■ The facts of this case, viewed in the light most favorable to the plaintiff, are as follows:[1] The debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code") on April 5, 1983. Within the next several months the debtor instituted, inter alia, two adversary proceedings against PTC which were denominated Adversary Nos. 83–2028 and 83–2093.[2] In the first suit the debtor asserted a cause of action under 11 U.S.C. § 547(b) of the Code. In the other action the debtor alleged that the cost of certain services were owed to it by PTC. Prior to our resolution of these actions, the debtor commenced the action at bench alleging tortious interference with current and prospective contractual relations. Prior to our adjudication of the first two actions PTC moved for dismissal of the action at bench. Shortly thereafter, we entered judgment in favor of PTC on Adversary Nos. 83–2028 and 83–2093. PTC then moved to amend its motion for dismissal of the action now before us in order to assert an argument based on the doctrine of collateral estoppel by which PTC sought to preclude our determination of several factual issues it asserts were resolved in Adversary Nos. 83–2028 and 83–2093.

■ Before discussing the merits of the action before us, we must determine whether we have jurisdiction to hear the matter under the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("the Act"). Section 104 of the Act amended 28 U.S.C. § 157 which provides that bankruptcy judges may hear all core proceedings. Section 157(b)(2) provides, in part, that, "Core proceedings include, but are not limited to—... (C) counterclaims by the estate against persons filing claims against the estate...." PTC has filed a proof of claim against the estate and thus under § 157(b)(2)(C) we have jurisdiction to address all claims brought by the debtor against PTC.

■ The first of PTC's three bases for dismissal is that debtor's complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6); Bankrupt-

---

1. In adjudicating a motion to dismiss a complaint for failure to state a cause of action upon which relief can be granted, we must view the facts in the manner most favorable to the plaintiff. We can grant such a motion only if it appears certain that the plaintiff is entitled to no relief under any statement of facts which could be proved in support of the claim. *Hishon v. King & Spalding,* —— U.S. ——, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Moore's Federal Practice ¶ 12.08 (2d Ed. 1984).

2. For our decisions in these matters, *see Marketing Resources International Corp. v. PTC Corp. (In Re Marketing Resources International Corp.),* 35 B.R. 353 (Bankr.E.D.Pa.1984) (addressing debtor's motion for dismissal of counterclaims in Adversary Nos. 83–2028 and 83–2093); *Id.,* 41 B.R. 575 (Bankr.E.D.Pa., 1984) (entered judgment in favor of PTC on Adversary Nos. 83–2028 and 83–2093); *Id.,* 41 B.R. 580 (Bankr.E.D. Pa.1984) (denying motion for reconsideration).

cy Rule 7012(b). Essentially, PTC contends that the debtor has failed to allege sufficient facts to establish all of the elements of tortious interference with contractual relations.[3] Having reviewed the debtor's complaint we find this basis for dismissal without merit in light of the liberal rules of federal pleading. Fed.R.Civ.P. 8(a)(2); Bankruptcy Rule 7008; *Williams v. United Credit Plan of Chalmette, Inc.,* 526 F.2d 713, 714 (5th Cir.1976).

■ PTC predicates its second ground for dismissal on Bankruptcy Rule 7018 which incorporates by reference Fed.R. Civ.P. 18 which states in part:

Joinder of Claims. A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, *may join,* either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as he has against an opposing party. (Emphasis added).

Fed.R.Civ.P. 18(a). PTC asserts that Rule 18(a) *requires* the joinder of claims. On the contrary, the language of the rule is expressly permissive, and the case law indicates that this provision is discretionary rather than mandatory. *Commercial Box & Lumber Co. v. Uniroyal, Inc.,* 623 F.2d 371, 374 n. 2 (5th Cir.1980); *Fowler Manufacturing Co. v. Gorlick,* 415 F.2d 1248, 1254–55 & n. 4 (9th Cir.1969), *cert. denied,* 396 U.S. 1012, 90 S.Ct. 571, 24 L.Ed.2d 503 (1970). *See* 3A *Moore's Federal Practice* ¶ 18.04 at p. 18–14 (2d ed. 1984). Conse-

quently, PTC's second basis for dismissal lacks merit.

■ As its third basis for dismissal, PTC asserts that the debtor seeks to relitigate factual issues previously decided against it but that the doctrine of collateral estoppel bars such relitigation and effectively thwarts the debtor in succeeding on its cause of action. The general rule of collateral estoppel, also referred to as issue preclusion, has been stated as follows:

[W]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

*Dyndul v. Dyndul,* 620 F.2d 409, 411 (3d Cir.1980), quoting in draft form, Restatement (Second) of Judgments § 68.[4] In order for our previous decisions to justify a dismissal of the debtor's complaint, at least one of the elements of the cause of action at issue must be precluded by collateral estoppel. Thus, the factual predicate underlying an element of the cause of action must have been previously litigated and must have been necessary to the final judgment that was reached.[5] We must be particularly circumspect in applying issue preclusion here because of the considerable dissimilarity between the earlier actions and the matter at bench. "Reasonable doubt as to what was decided by a prior judgment should be resolved against using

---

**3.** The elements of this tort are that the defendant must act "(1) for the purpose of causing [the] specific type of harm to the plaintiff, (2) such act must be unprivileged, and (3) the harm must actually result." *Glenn v. Point Park College,* 441 Pa. 474, 272 A.2d 895, 898 (1971); *EFCO Importers v. Halsobrunn,* 500 F.Supp. 152, 159 (E.D.Pa.1980); *In re Bobroff,* 37 B.R. 847, 851 n. 5 (Bankr.E.D.Pa.1984), *rev'd on other grounds, Bobroff v. Continental Bank,* 43 B.R. 746 (E.D.Pa.1984).

**4.** Collateral estoppel has been broken into the following *constituent elements:* (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) The issue must have been actually litigated; (3) it must have been determined by a valid and final judgment;

and (4) the determination must have been essential to the prior judgment. *In re McMillan,* 579 F.2d 289, 292 (3d Cir.1978); *In re Bohrer,* 19 B.R. 958, 959 (Bankr.E.D.Pa.1982).

**5.** Issue preclusion must be distinguished from the doctrine of res judicata. The latter "presupposes identity between causes of action." *Montana v. U.S.,* 440 U.S. 147, 154, 99 S.Ct. 970, 974, 59 L.Ed.2d 210 (1979). Res judicata serves the function of "foreclosing any litigation of matters that never have been litigated, because of the determination that they should have been advanced in an earlier suit." C. Wright, *The Law of Federal Courts,* § 100A at 680 (4th ed. 1983). Res judicata has been referred to as "claim preclusion" in order to distinguish it from issue preclusion.

it as an estoppel." *Kauffman v. Moss*, 420 F.2d 1270, 1274 (3d Cir.1970) (footnote omitted), *cert. denied*, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970). After reviewing our prior decision of June 27, 1984, as amended on August 13, 1984, and the elements of tortious interference with contractual relations, we hold that we made no factual findings in that decision which would prevent the debtor from establishing the elements of the tort that is alleged here.

Accordingly, we conclude that PTC has failed to establish any basis for dismissing the debtor's complaint and an order denying PTC's motion will be entered.