**In re AMAREX, INC., et al., Debtors.**

**Bankruptcy No. 82–2335–A.**

United States Bankruptcy Court,
W.D. Oklahoma.

June 24, 1985.

Louis J. Price and Jonathan E. Miller, of McAfee & Taft, Oklahoma City, Okl. and William D. Neary, of Thompson & Knight, Dallas, Tex., for Official Trade Creditors' Committee.

Phillip O. Watts, Stephen P. Friot, Warren D. Majors, of Spradling, Alpern, Friot & Gum, Oklahoma City, Okl., for Apache Corp.

Richard Coulson, of Kline & Kline, Oklahoma City, Okl., Alice L. Nystel, Esq. and John L. King, Esq. of Rochelle, King & Balzersen, Dallas, Tex., for Amarex, Inc.

Max C. Tuepker, Esq. of Mock, Schwabe, Waldo, Elder, Reeves & Bryant, Oklahoma City, Okl., for Ladd Petroleum Corp.

## ORDER

RICHARD L. BOHANON, Bankruptcy Judge.

Amarex, Inc. and other consolidated debtors have moved for an order disallowing claims of entities which have allegedly received voidable transfers under 11 U.S.C. § 547. The motion is made pursuant to 11 U.S.C. § 502(d).

Amarex contends that approximately 275 entities received voidable transfers within 90 days prior to the bankruptcy petition.

It requests an order disallowing the entire claim or claims of each of the transferees and that, pursuant to § 502(d), each transferee be precluded from voting on any plan of reorganization in this case. It appears that a disclosure statement may be approved and voting on two competing plans of reorganization may occur soon.

Final disallowance of each claim requires an adversary complaint under Bankruptcy Rule 7001. Many of these complaints have been filed and Amarex says it will file others in the near future. Although some common issues might be determinable in a consolidated hearing, each case will likely have individual and unique issues that must be heard.

It appears there are two courses which might be followed in deciding the amount of the claims allowable for purposes of voting prior to a final determination under Bankruptcy Rule 3018(a). The first requires a preliminary hearing concerning the temporarily allowable amount of each claim. To do this prior to the time votes are cast on the two competing plans, if possible, would virtually require devoting all of the facilities of this court to this one case. The second course would be to allow the claims temporarily for voting purposes only.

■ Finding no persuasive authority concerning Bankruptcy Rule 3018 or its predecessor Rule 10–305(a) we can only say that the court must exercise its equitable powers concerning allowance or disallowance of claims at various stages of a case. *See e.g. Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939); *Inter-State Nat'l Bank of Kan. City v. Luther,* 221 F.2d 382 (10th Cir.1955).

■ Facing the impossibility of separate preliminary hearings on each claim, the question is what equity requires for purposes of voting. To disallow claims temporarily without having heard each case would disenfranchise a substantial part of

the unsecured claims which are deemed allowed until a final adjudication. 11 U.S.C. § 502(a); *see Katchen v. Landy,* 382 U.S. 323, 325, 86 S.Ct. 467, 470, 15 L.Ed.2d 391 (1966); *Merrill v. Abbott (In re Independent Clearing House Co.),* 41 B.R. 985 (Bankr.D.Utah 1984); *Marketing Resources Int'l Corp. v. PTC Corp. (In re Marketing Resources Int'l Corp.),* 35 B.R. 353 (Bankr.E.D.Penn.1984).

To allow them to vote on the plans, even though some may be eventually disallowed for purposes of distribution, is more in keeping with the spirit of Chapter 11 which encourages creditor vote and participation in the reorganization process.

Amarex also argues that these claims should not be allowed for voting purposes since they will not be voted in good faith. It then contends the votes would be subject to disqualification under 11 U.S.C. § 1126(e). The short answer to this argument is that it is premature. That section permits disqualification of votes of entities "whose acceptance or rejection of such plan was not in good faith ..." The argument presumes how the transferees will vote. At this time, however, no one can say with certainty how the votes will be cast or what the final tabulation will be. Section 1126(e) only applies once the voting is concluded and, if bad faith issues are raised after the facts are known, they can be dealt with at that time.

Accordingly, the motion to disallow the claims at this time is denied and the claims of the entities named in the motion are temporarily allowed in the scheduled amount under 11 U.S.C. § 1111(a) or in the amount set forth in the creditor's proof of claim under 11 U.S.C. § 502(a) for purposes of voting on the plans of reorganization.