In re GENMAR HOLDINGS, INC., Debtor.

Charles W. Ries, Chapter 7 Trustee, Plaintiff,

v.

Legendary Marine, Inc., Defendant.

Bankruptcy No. 09–43537. Adversary No. 11–04639.

United States Bankruptcy Court, D. Minnesota, Third Division.

Oct. 29, 2012.

Cynthia A. Moyer, Sarah McLaren, Fredrikson & Byron, PA, Minneapolis, MN, for Plaintiff.

Kenneth Corey–Edstrom, Richard J. Reding, Larkin Hoffman Daly & Lingren Ltd., Minneapolis, MN, for Defendant.

## ORDER DENYING AND GRANTING SUMMARY JUDGMENT

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter was heard on September 20, 2012, on cross motions for summary judgment by defendant Legendary Marine, Inc., and plaintiff Charles W. Ries, Chapter 7 Trustee. Sarah C.S. McLaren appeared for the plaintiff and Richard J. Reding appeared for the defendant. The Court, having heard oral arguments and reviewed the briefs of the parties, now makes this **ORDER** pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### I

The plaintiff brought this action against the defendant under 11 U.S.C. § 547, alleging that the defendant received a preferential transfer. The defendant raises two defenses: setoff rights under 11 U.S.C. § 553; and, common law recoupment. The setoff and recoupment would be applied against the debt of the defendant created by the preferential transfer itself. The plaintiff argues that neither setoff nor recoupment is an available defense against the debt of the defendant created by the preferential transfer. The Court agrees with the plaintiff, denies the defendant's motion for summary judgment and grants the plaintiff's cross motion.

### II

*Setoff.*

■ Section 553 of the Code "preserves rights of creditors to offset mutual debts arising before a bankruptcy petition is filed." *Superpumper, Inc. v. Nerland Oil (In Re Nerland Oil)*, 303 F.3d 911, 917 (8th Cir.2002). The Code requires that "(1) the creditor owes a debt to the debtor arising prepetition; (2) the creditor has a claim against the debtor arising prepetition; and (3) both the debt and the claim are mutual obligations." *Farrell v. Wurm (In re Donnay)*, 184 B.R. 767, 787 (Bankr. D.Minn.1995).

■ Here, the defendant owed no debt to the debtor pre-petition. The preference debt does not exist outside bankruptcy, but, is created post-petition pursuant to 11 U.S.C. § 547, either through acknowledgment by a creditor or a preferential transfer judgment entered against the creditor. Preference liability cannot itself support a claim for setoff.

> In this class of cases, the right to offset is denied, because the estate has been depleted to the detriment of creditors of like class and to allow the right of set-off would perpetuate the depletion.

*In re Marketing Resources International Corp.*, 35 B.R. 353, 356 (Bankr.E.D.Pa. 1984), quoting *Walker v. Wilkinson*, 296 F. 850, 852 (5th Cir.1924). Without a prepetition debt owed to the debtor, Defen-

dant cannot establish a claim for offset. *In re Donnay,* 184 B.R. at 787.

*Recoupment.*

■ Recoupment is an equitable remedy, not mentioned in the Bankruptcy Code. But, it can apply in bankruptcy proceedings. *Terry v. Standard Insurance Company,* 687 F.3d 961 (C.A.8 2012).

> Recoupment allows a defendant to deduct its claim from the amount the plaintiff could otherwise recover *if* the claim arises out of the same transaction or subject matter on which the plaintiff sued. *In re NWFX, Inc.,* 864 F.2d 593 (8th Cir.1989). Recoupment is "an equitable principle that allows a creditor in bankruptcy 'to show that because of matters arising out of the transaction sued on, he or she is not liable in full for the [debtor's] claim.'" *U.S. Postal Service v. Dewey Freight System, Inc.* 31 F.3d 620, 622–23 (8th Cir.1994), *quoting 4 Collier on Bankruptcy* ¶ 553.03, at 553–17 (15th ed. 1994). "To justify recoupment in bankruptcy, 'both debts must arise out of a single integrated transaction so that it would be inequitable for the debtor to enjoy the benefits of that transaction without also meeting its obligations.'" *Id.* at 623, *quoting In re University Medical Ctr.,* 973 F.2d 1065, 1081 (3d Cir.1992).

*Terry v. Standard Insurance Company,* at 963. In *Terry,* the defendant received a pre-petition preference payment that the bankruptcy trustee demanded and received from the defendant pursuant to 11 U.S.C. § 547. After the debtor's discharge, the defendant sought to recoup the surrendered preference amount from future disability payments due the debtor. The defendant prevailed.

■ The significance of *Terry* here is that all parties and the courts recognized that the appropriate application of the doc-trine of recoupment was against future payments otherwise due the debtor, not against the recovery of the § 547 preference by the trustee. The post-petition § 547 preference debt did not arise out of "a single integrated transaction" with the pre-petition contract liability of the debtor. The same is true here.

The inability to recoup pre-petition debtor liability from a post-petition § 547 preference debt is consistent with the doctrine of recoupment and is necessary to the utility of the § 547 preference provision itself. A § 547 preference is the pre-petition receipt by a creditor of an antecedent debt of a debtor. If the creditor could recoup the pre-petition debt out of the post-petition preference liability, there could never be preference liability under the Bankruptcy Code.

## III

Based on the foregoing discussion, the defendant's motion for summary judgment is **DENIED** and the plaintiff's motion for summary judgment is **GRANTED.**

> The plaintiff is entitled to judgment against the defendant pursuant to 11 U.S.C. § 547 in the amount of $30,000.00.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**