NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1198

_____

In re:  SIMON DOUEK,

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-21-cv-02983)
District Judge: Honorable Anne E. Thompson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 7, 2023

Before: SHWARTZ, BIBAS, and AMBRO, Circuit Judges

(Opinion filed: March 23, 2023)

_____

OPINION[*]

_____

AMBRO, Circuit Judge,

Simon Douek appeals the Bankruptcy Court's decision allowing a creditor to

assert a partially secured claim against his property and denying his calls to have the lien

supporting it voided.  The facts leave much to unpack, but in the end we agree with the

District Court that the Bankruptcy Court's decision should be affirmed.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

## I. BACKGROUND

In June 2016, Nikon, Inc. obtained a judgment against Douek for $697,418.28 in New York state court. It docketed the judgment in New Jersey as a statewide judgment lien but never levied on it.

In response, Douek filed in May 2017 for Chapter 7 bankruptcy relief in the United States Bankruptcy Court for the District of New Jersey. His primary asset was a half-ownership interest in his home (the "Property"), in which, after deducting perfected mortgages and his personal homestead exemption under 11 U.S.C. § 522, there remained $202,654.61 in equity. In January 2018, the Bankruptcy Court entered a Discharge Order, per 11 U.S.C. § 727, for Douek personally. This did not end matters though, as shortly after Nikon filed against his bankruptcy estate (the "Estate") a secured claim, based on its judgment lien, for $697,418.28 (the "Secured Claim").

About four months later, Douek and the Trustee for his Estate entered a "Settlement Agreement," under which Douek agreed to pay $175,000 to the Trustee for "full and final settlement of the Estate's rights [and] claims . . . to . . . the Property." Settlement Agreement § 3(a) (A0089). On receipt of the payment, the Trustee abandoned the Property to Douek under 11 U.S.C. § 554. This meant the Trustee would distribute the settlement funds to Douek's creditors but could not seek a forced sale of the Property, as it was no longer in the Estate administered by him.

Douek then filed in Bankruptcy Court a "Motion to Avoid Lien[s]." It sought to avoid under 11 U.S.C § 544 certain judgment liens against the Property, including that of Nikon. The latter responded that only the Trustee could avoid liens under § 544. Douek

2

conceded and withdrew the motion as to Nikon. He turned instead to New Jersey state court, where he filed, in February 2020, a "Discharge Motion" seeking to discharge Nikon's lien under New Jersey state law, namely N.J. Stat. Ann. § 2A:16-49.1.

While that motion was pending in New Jersey, the Trustee told Nikon he believed its Secured Claim was improperly filed and suggested it refile an unsecured claim. Nikon followed that suggestion and filed an amended unsecured claim in the same amount as its first claim (the "Unsecured Claim").

The New Jersey court eventually decided the Discharge Motion against Douek, holding he could not abrogate Nikon's judgment lien under N.J. Stat. Ann. § 2A:16-49.1. Reaching this conclusion, it interpreted the federal Bankruptcy Code to mean the Trustee could have avoided only liens impairing Douek's personal homestead exemption (which was valued at $23,675). It reasoned that if this was all the Trustee could have avoided under the Code, then this was all Douek could avoid under the state statute. The result was that the lien against the Property survived, though it was discharged to the extent it impaired Douek's homestead exemption.

Feeling jilted, Douek went back to Bankruptcy Court and filed a "Motion to Clarify Settlement." In it he asserted that Nikon's filing of its Unsecured Claim was a waiver of any right it had to assert a secured claim and voided any lien supporting one. He also argued the Settlement Agreement resulted in the abandonment of the Property free and clear of all judgment liens under § 544 and made unavailable to creditors any equity in the Property.

3

Nikon, on the other hand, sought to capitalize on the favorable state court ruling. It filed a second amended claim in Douek's bankruptcy case, this time bifurcating its claim to a $202,654.65 secured portion (corresponding to the equity left in the Property after deducting the perfected mortgages and homestead exemption, though four cents more than noted above) and a $494,763.63 unsecured portion (corresponding to the balance of Nikon's judgment) (the "Bifurcated Claim").

The Bankruptcy Court denied Douek's Motion to Clarify Settlement and granted Nikon leave to amend its claim to the Bifurcated Claim. The District Court affirmed the decision. Douek now appeals to us.[1]

## II. DISCUSSION

A. *The Bankruptcy Court properly allowed Nikon to amend its claim.*

Douek asserts Nikon waived its right to assert the partially secured portion of the Bifurcated Claim (and thus voided, under 11 U.S.C. § 506(d),[2] any lien supporting that partially secured claim) by filing the Unsecured Claim. By doing the latter, he says, Nikon conceded it had no secured claim. We must decide then whether it could properly amend its claim, or whether it instead suffers the consequences pressed by Douek.

---

[1] The District Court had jurisdiction under 28 U.S.C. § 158(a)(1). We have appellate jurisdiction under 28 U.S.C. § 158(d)(1). On appeal, we "stand in the shoes" of the District Court and apply the same standard of review. *In re Somerset Reg'l Water Res., LLC*, 949 F.3d 837, 844 (3d Cir. 2020). We review the Bankruptcy Court's legal conclusions anew, its factual findings for clear error, and its exercises of discretion for abuse thereof. *Id.*

[2] Section 506(d) provides "[to] the extent that a lien secures a claim . . . that is not an allowed secured claim, such lien is void."

4

"Bankruptcy Rule 7015 provides that amendments to claims shall be governed by Rule 15 of the Federal Rules of Civil Procedure, Fed. R. Bankr.[ ]P. 7015, which commits the decision to grant or deny leave to amend to the trial court's sound discretion." *In re Trans World Airlines, Inc.*, 145 F.3d 124, 141 (3d Cir. 1998). "Bankruptcy courts liberally construe Rule 15(a) and typically permit amendment; the focus of a court's inquiry will typically be on whether the non-moving party would be unfairly prejudiced by permitting the amendments." 10 *Collier on Bankruptcy* ¶ 7015.04 (16th ed. 2022).

Like the District Court, we hold the Bankruptcy Court did not abuse its discretion in allowing Nikon to amend the Unsecured Claim to the Bifurcated Claim. Though it is not clear why it filed a fully Unsecured Claim while at the same time seeking to preserve its secured status by opposing the Discharge Motion in state court, it is just this contradiction that makes us hesitate to construe its filing as a waiver. Instead, we follow the usual track and ask whether Douek was "unfairly prejudiced" by the amendment.

No doubt Douek is worse off if the Bifurcated Claim is allowed (a claim partially secured on the Property's equity is more costly than an unsecured one that can only be satisfied by assets of the Estate). But what occurred as to process was not unfair to him: he knew that Nikon sought to collect on its judgment and that it was actively asserting the secured status of its claim. Nor can he show the lien supporting the partially secured portion of the Bifurcated Claim was otherwise extinguished by law.[3]

---

[3] Douek appears to suggest: (1) Nikon's judgment lien was not perfected before his bankruptcy, thus it is discharged under the Bankruptcy Code; and (2) the New Jersey state court erred in holding the lien could not be fully discharged under N.J. Stat. Ann. § 2A:16-49.1. Both arguments fail. As for the former, Nikon's lack of perfection

B. *The Settlement Agreement did not affect Nikon's secured claim or lien.*

Douek makes the related argument that even if Nikon is allowed a partially secured claim and lien against the Property, there is no equity left in it to which that secured claim and lien can attach. He contends that in the Settlement Agreement he "paid for" all the equity, making it unavailable to creditors.

But the Settlement Agreement between Douek and the Trustee did not make equity in the Property unavailable to Nikon. In fact, it could not affect Nikon's rights in that equity. Payment under the contract was for the Trustee's agreement to abandon *its* interest in the Property, which included its right to seek a forced sale under 11 U.S.C. § 363. Once abandonment occurred, the Property left the Estate and reverted to Douek. *See In re Wilton Armetale, Inc.*, 968 F.3d 273, 284 (3d Cir. 2020) (quoting 5 *Collier on Bankruptcy* ¶ 554.02[3] (16th ed. 2020)) ("[A]bandoned property can flow back 'to any party with a possessory interest in it.'"). Had the Trustee and Douek intended to discharge Nikon's judgment lien, they should have arranged for the Trustee to bring an avoidance action against Nikon (which it could have opposed) before the Trustee abandoned its interest in the Property. What the Trustee could not do was what Douek proposes: bargain away

---

(remember it had not enforced its lien by levying on the Property before Douek's bankruptcy petition) may have made its lien susceptible to an avoidance action under § 544 by the Trustee, but such an action was never brought. And, separately, Douek's personal discharge did not affect the viability of Nikon's lien even if it were unperfected. *See Johnson v. Home State Bank*, 501 U.S. 78, 82-83 (1991) (liens pass through bankruptcy unless otherwise avoided). As for the latter, we have no way to overrule New Jersey's interpretation of its own lien-discharge law providing an "ancillary remedy for the benefit of [its] bankrupt citizens." *Chem. Bank v. James*, 803 A.2d 1166, 1173 (N.J. Super. Ct. App. Div. 2002). We can ask only whether Nikon's lien could be discharged under the Bankruptcy Code.

Nikon's lien on the Property's equity without its consent or giving it an opportunity to be heard. But this did not mean Douek got nothing out of settling. The Trustee's abandonment meant it could no longer seek a forced sale of the Property, which would have invited higher offers and could have resulted in Douek losing his home (if § 363(h) was successfully invoked).[4]

Nor can § 522(f) help Douek clear the Property of Nikon's lien. Under it, a debtor can avoid a judicial lien on his property "to the extent that such lien impairs an exemption to which [he is] entitled under [§ 522(d)(1)'s homestead exemption]." 11 U.S.C. § 522(f),(b). But as the New Jersey court made clear, any part of Nikon's lien impairing Douek's homestead exemption was already discharged in its order. *See* New Jersey State Court Order (CA070) (Nikon's judgment lien "shall survive to the extent of the [Debtor]'s equity *above the Debtor's bankruptcy exemption of $23,675* . . . as of the date of the Debtor's bankruptcy filing." (emphasis added)). So Douek could not marshal § 522(f), either at the time of the Settlement Agreement or now, to dissolve any part of Nikon's lien not already dissolved under New Jersey law.

C. *Bankruptcy Code §§ 502 and 506 do not provide bases for Douek to prevail.*

Finally, §§ 502 and 506 of the Bankruptcy Code do not authorize denying Nikon's partially secured claim or voiding its lien. As for § 502, Douek claims because Nikon's lien was a transfer[5] of property that could have been avoided under § 544, its secured claim

---

[4] Under § 363(h), the Trustee could have sought an order compelling a sale of Douek's co-owner's interest in the Property, along with his own.

[5] 11 U.S.C. § 101(54) defines "transfer" broadly to include "the creation of a lien."

7

should be disallowed. *See* 11 U.S.C. § 502(d) ("[T]he court shall disallow any claim of any entity . . . that is a transferee of a transfer avoidable under section [544] . . . unless such . . . transferee has . . . turned over any such property, for which such . . . transferee is liable[.]"). But Nikon says § 502(d) cannot apply because its transfer (*i.e.*, its lien) is no longer avoidable by the Trustee. Some courts go this route, requiring the transfer actually be subject to avoidance at the time a § 502(d) defense is raised. *See, e.g., In re Mktg. Res. Int'l Corp.*, 35 B.R. 353, 356 (Bankr. E.D. Pa. 1984). Others, though, have held a creditor's claim can be disallowed if its transfer was avoidable by the trustee at any point during the bankruptcy, even if a statute of limitations barred the trustee from bringing the avoidance action at the time of the claim objection. *See, e.g., In re Am. W. Airlines, Inc.*, 217 F.3d 1161, 1166-68 (9th Cir. 2000). Yet we can focus on something narrower: a debtor cannot avail himself of this defensive remedy where (1) he has formally and voluntarily consented to the trustee's relinquishment of its ability to bring an avoidance action (which occurred here through the Trustee's abandonment of the Property), and (2) disallowance of the creditor's claim would accrue only to the benefit of the debtor (and not to the benefit of the estate).

As for Douek's § 506 argument, Nikon's partially secured claim is allowed for the reasons described above. So § 506(d) provides no basis to void the lien supporting it.

\* \* \*

We thus affirm the decision of the District Court.[6]

---

[6]     It appears from the record Nikon may have received a *pro rata* distribution from the Estate's funds on account of its Unsecured Claim, valued at $697,418.28, rather than

8

on account of its partially unsecured portion of the Bifurcated Claim, valued at $494,763.63. Accepting this, while also seeking to assert a partially secured claim and lien that survives bankruptcy, looks to us like double-dipping. But while any excess payment to Nikon could have affected negatively other unsecured creditors, it could not affect Douek, as he had no interest in the money distributed by the Estate to them.