483 F.2d 242
 6 Fair Empl.Prac.Cas. 355
 Anthony T. LEE et al., Plaintiffs, United States of America,
Plaintiff-Intervenor and amicus curiae, National
Education Association, Inc.,
Plaintiff-Intervenor-Appellant-
Cross Appellee,
v.
MACON COUNTY BOARD OF EDUCATION et al., Defendants,
Colbert County School System, Defendant-Appellee-Cross Appellant.
 No. 72-3015.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 10, 1973.
 
 Solomon S. Seay, Montgomery, Ala., Thomas M. Larson, Dept. of Justice, Education Section, Civil Rights Div., Brian K. Landsberg, Dept. of Justice, Washington, D. C., Jack Greenberg, NAACP, New York City, Wayman G. Sherrer, U. S. Atty., Birmingham, Ala., for appellant.
 Harold V. Hughston, Tuscombia, Ala., Robert L. Potts, Florence, Ala., for appellee.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 These appeals involve certain teachers in the Colbert County, Alabama, School System who claimed that their rights were infringed by the School Board. The first concerns Amos Malone, who is black, whose complaint was that he had not been offered a principalship vacancy. The district court ordered that Malone be offered a principalship in the School System. The second appeal concerns Thomas Mitchell and Rowena Kilgoar, white, nontenured teachers who complained because they were not reemployed for the 1971-72 school year by the Board. The district court declined to order reemployment of the two nontenured teachers. We believe the district court reached the correct result in each instance and affirm.
 
 
 2
 Malone had formerly been the principal of Barton-Red Rock Elementary School which was closed by court order. The school had only 3 teachers, including Malone, and 56 students. The district court had previously issued an order on July 21, 1971, pertaining to Malone in which it found that he had accepted a classroom teaching position in 1969-70 when his school was closed and it had been agreed between him and the Board that his salary, however, would not be reduced below what he had been earning. The court at that time ordered that Malone be given due consideration in filling first vacancies in the future for which he qualified. Thereafter, elementary principalship vacancies occurred and he was not tendered such a position, but they were filled by whites. The Board contended that Malone was not qualified for a principalship vacancy but the district court held that "[t]he evidence established that Malone was no less qualified to be a principal now than he was in 1968." The alleged derelictions of Malone by the Board were also considered by the trial court which found that Malone had not only continued in the employment of the Board but no disciplinary action had been taken against him. Under the circumstances we agree with the district judge, as expressed in his order filed July 17, 1972, that Malone was entitled to appointment in one of the principalship vacancies. See Singleton v. Jackson Municipal Separate School District, 5 Cir., 1970, 419 F.2d 1211; Lee v. Macon County Board of Education (Muscle Shoals School System), 5 Cir., 1971, 453 F.2d 1104.
 
 
 3
 The case of Thomas Mitchell and Rowena Kilgoar differs from Malone's. These white probationary teachers were notified at the end of the 1970-71 year that they would not be rehired for the 1971-72 school year. They were advised in letters by the Board that their contracts were not being renewed; that the Board had been ordered by the district court to increase the ratio of black to white teachers; and that for financial reasons it was necessary to accomplish a reduction in the number of teachers. Though there were new teachers employed for the school year, including 5 blacks, no new teacher was hired to fill the positions held by Mitchell and Kilgoar but their teaching assignments were transferred to other tenured teachers. It was the Board's position, expressed in writing to both of these nontenured teachers, that since "a very high percentage of the teachers in the system have tenure, practically the only way that black teachers could be hired was to replace white teachers without tenure with available black teachers." Of course, these nontenured teachers did not have a constitutional right to be reemployed. See Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 2717, 33 L.Ed.2d 548 (1972); Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 2717, 33 L.Ed.2d 570 (1972). The action of the Board comports with our prior holdings in Hall v. St. Helena Parish School Board, 5 Cir., 1969, 417 F.2d 801, 811; United States v. Indianola Municipal Separate School District, 5 Cir., 1969, 410 F.2d 626, cert. denied, 396 U.S. 1011, 90 S.Ct. 571, 24 L.Ed.2d 503 (1970); and United States v. Greenwood Municipal Separate School District, 5 Cir., 1969, 406 F.2d 1086, cert. denied, 395 U.S. 907, 89 S.Ct. 1749, 23 L.Ed.2d 220 (1969), in which we pointed out, among other things, that to achieve proper integration of faculty the Board's responsibility requires that it must withhold approval of teacher contracts if necessary to achieve faculty desegregation.
 
 
 4
 Affirmed.