Joyce Marie **MOORE** et al.,
Plaintiffs-Appellants,

v.

**TANGIPAHOA PARISH SCHOOL BOARD** et al., Defendants-Appellees,

Joseph **Durham** et al., Intervenors-Appellees.

No. 30781.

United States Court of Appeals, Fifth Circuit.

June 14, 1974.

Jack Greenberg, Norman J. Chachkin, Margrett Ford, New York City, A. P. Tureaud, New Orleans, La., for plaintiffs-appellants.

John D. Kopfler, Hammond, La., Joseph H. Simpson, Schilling & Simpson, Amite, La., for defendants-appellees.

Before BROWN, Chief Judge, and MORGAN and CLARK, Circuit Judges.

BY THE COURT:

Due to delays which have occurred in this Court, the trial court record in this case is now four years old. The parties have filed supplemental briefs at our direction, which both assert that for all practical purposes the factual situation remains unchanged. This does not remain true for the development of the law. In light of the intervening decisions of this Court which have interpreted the central authority here involved, Singleton v. Jackson Municipal Separate School District, 5 Cir., 1969, 419 F.2d 1211 (en banc) (Singleton III),[1] we deem the interests of justice to require that the District Court's decision be vacated and the cause remanded for a current determination of the issues concerning demotion of administrative personnel and the dismissal of faculty members and band directors as well as the claims of error in ordering the segregation of some students by sex.

The District Judge after appropriate hearings to supplement the record as needed should make new findings of fact to determine whether the demotions and dismissals were in violation of the principles expounded by this Court. The Judge should redetermine whether the standards enunciated in *Singleton III* and our subsequent decisions have been complied with and he shall as usual enter appropriate findings of fact and conclusions of law.[2] To the extent that he

1. *E. g.*, McLaurin v. Columbia Municipal Separate School District, 5 Cir., 1973, 478 F.2d 348 (en banc Court dissolved), 486 F.2d 1049; Adams v. Rankin County Board of Education, 5 Cir., 1973, 485 F.2d 324; Miller v. Board of Education of Gadsden, Alabama, 5 Cir., 1973, 482 F.2d 1234; Lee v. Macon County Board of Education (Colbert County School System), 5 Cir., 1973, 483 F. 2d 242; Lee v. Macon County Board of Education (Muscle Shoals School System), 5 Cir., 1971, 453 F.2d 1104; Sparks v. Griffin, 5 Cir., 1972, 460 F.2d 433.

2. On rehearing the District Court should also fully utilize its own standards in calling for the school board to produce this evidence. Judge Rubin's order of September 2, 1970 included the following instructions to the school board:

   "5. The School Board shall establish formal rules of procedure for handling the discharge and demotion of teachers and supervisory personnel, to protect their constitutional rights in employment and to provide them with the due process necessary to insure that other rights are not violated when employment is withdrawn. These rules shall apply both to those with tenure and those without tenure but who have an expectancy of continued employment, and shall include provision for fair notice of the charges and witnesses against the teacher and the opportunity for a hearing, as outlined by the Fifth Circuit United States Court of Appeals in

may find that the school board actions did not meet the *Singleton III* standards, he shall grant such relief as is appropriate.[3] Similarly the Court shall make new findings upon the school board's practice of segregation by sex.

Vacated and remanded.

Ferguson v. Thomas, 5 Cir. 1970, 430 F. 2d 852 [Docket No. 28227, June 23, 1970] and Lucas v. Chapman, 5 Cir. 1970, 430 F.2d 945 [Docket No. 27687, August 6, 1970]."

Since the District Court's order, the Supreme Court has spoken to the meaning of "expectancy of reemployment" in this context. *See* Board of Regents of State Colleges v. Roth, 1972, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548; Perry v. Sindermann, 1972, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed. 2d 570.

3. Our action does not necessarily forecast a full blown trial. For example, we have been informed that following our remand in Adams v. Rankin County Board of Education, *supra*, through cooperation between all counsel and the District Judge 20 of the 42 faculty and staff member claims have been resolved by stipulation which when implemented will resolve all issues concerning the extent of relief to be afforded these individuals.