Rowena **KILGOAR** and Thomas Dow Mitchell, Plaintiffs-Appellants,

v.

**COLBERT COUNTY BOARD OF EDUCATION et al., Defendants-Appellees.**

No. 77–3210
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 23, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Joseph E. Carr, IV, Ala. Educ. Assn., Montgomery, Ala., Faith Hanna, Staff Counsel, Nat'l Educ. Assoc., Washington, D. C., for plaintiffs-appellants.

Stanley E. Munsey, Tuscumbia, Ala., for defendants-appellees.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

GODBOLD, Circuit Judge:

This appeal involves the third case brought by plaintiffs Kilgoar and Mitchell against the school board which discharged them in 1971 and has not rehired them. The court below granted motions for summary judgment on two grounds: first, several individual defendants were not members of the school board at any material time; second, as to all defendants, all issues had been or could have been decided in the first two cases. We reverse and remand.

In the first suit plaintiffs sued for reemployment and damages. The suit alleged that the board's dismissal of plaintiffs and subsequent refusal to rehire them were unlawful and based on political and personal reasons. Defendants prevailed because plaintiffs were nontenured teachers who did not have a constitutional right to be reemployed. *Lee v. Macon County Board of Education*, 483 F.2d 242, 243 (C.A.5, 1973).

The second suit was filed approximately at the beginning of the 1973-74 school year. Plaintiffs sued for priority consideration for reemployment and damages, alleging that *Singleton v. Jackson Municipal Separate School District*, 419 F.2d 1211 (C.A.5, 1969) (en banc), gave them an entitlement to the first available teaching position. Plaintiffs also claimed that the board's failure to rehire them was in retaliation for their seeking legal redress, that they had an entitlement to the first available position of which they were deprived without due process of law, and that the board had published stigmatizing information to potential employers. In the second case the district court found that the claim of a right to be rehired had been alleged in the first suit. Because "the matter of reemployment could have been litigated in the prior action," res judicata barred the second suit. This court summarily affirmed in an unpublished opinion entered April 16, 1976, styled *Kilgoar v. Beck*, 530 F.2d 974.

In the instant case the defendants again sue for reemployment (or priority consideration for reemployment) and damages. The complaint alleges that, starting with the commencement of the 1973-74 school year, and on numerous occasions, the new and present superintendent of education has recommended the plaintiffs to the board for reemployment and that the board has rejected these recommendations based on plaintiffs' participation in litigation, participation in a professional association and

support of aspirants for public office enjoying control and authority over the board. Thus plaintiffs claim that they have been the victims of impermissible retaliation. They also allege that they had an entitlement because of the recommendations, of which they were deprived without due process of law, and that the board has published stigmatizing information to potential employers. In other words the claims are of the same nature as those alleged in the second suit.

█ The doctrine of res judicata, or claim preclusion, establishes that a final judgment on the merits by a court of competent jurisdiction is an absolute bar to another action between the same parties or privies based on the same cause of action. The instant case raises the question of what constitutes the same cause of action. Consistent with the broad purpose of res judicata to eliminate needless repetitive litigation, the modern view regards the same cause of action to refer to all grounds for relief arising out of the conduct complained of in the original action. 1B Moore's Federal Practice ¶ 0.410[1], at 1160–63.[1] Such a view is sensible where the procedure allows, as the Federal Rules allow, a claimant to put forward all grounds for relief in one action.

█ Thus plaintiffs are barred from presenting any ground for relief arising out of the defendants' conduct complained of in their first or second lawsuits. At the same time the plaintiffs are not barred from presenting any ground for relief arising out of conduct not complained of in the prior lawsuits. Subsequent conduct, even if it is of the same nature as the conduct complained of in a prior lawsuit, may give rise to an entirely separate cause of action. *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955); *Exhibitors Poster Exchange v. National Screen Service Corp.*, 421 F.2d 1313

(C.A.5, 1970); *Dawkins v. Nabisco, Inc.*, 549 F.2d 396 (C.A.5), *cert. denied*, 433 U.S. 910, 97 S.Ct. 2978, 53 L.Ed.2d 1095 (1977).

The plaintiffs' present action, to the extent it is based on conduct subsequent to the second suit, is not barred by the prior litigation. It appears from their complaint that the plaintiffs have alleged two, or possibly three, potential claims not barred by res judicata.

First, plaintiffs claim that defendants, by rejecting the superintendent's recommendations, acted to punish plaintiffs' exercise of rights protected by the Federal Constitution. Plaintiffs label this a "retaliation" claim and cite various case law as authority. Plaintiffs allege that the recommendations were made after the commencement of the second suit.

Second, plaintiffs claim that the superintendent's recommendations created in them an entitlement under state law giving rise to due process procedural protections. Again, recommendations were allegedly made after the second suit.

Third, plaintiffs claim the board has published stigmatizing information to potential employers. Plaintiffs do not allege the time of publication. Unless they can show a publication after the second suit, this claim is barred by res judicata. Also, this is a pure state law claim, which the district court may hear only if it determines that it has ancillary jurisdiction.

█ The district court erred in dismissing the case because of res judicata. Claims based on conduct subsequent to prior litigation are not precluded. Plaintiffs have alleged conduct subsequent to the second suit to support their claims. We imply no answer to whether any of these claims constitutes a claim for which relief can be granted.

1. Fifth Circuit cases accord generally with this view, although the court has usually framed the test as "whether the primary right and duty and the delict or wrong are the same in each action," *e. g., Dore v. Kleppe*, 522 F.2d 1369, 1374 (C.A.5, 1975), while at the same time recognizing that there is no one test for deciding whether two actions are the same for the purposes of res judicata. *Stevenson v. International Paper Co.*, 516 F.2d 103, 109 (C.A.5, 1975).

Because the instant case looks to conduct subsequent to the second suit, the district court also erred in dismissing the individual defendants on the ground they were not members of the school board at the time in question. The court viewed the critical time as 1971, but under the plaintiffs' allegations the relevant times are later than that.

REVERSED and REMANDED.