**COMMERCIAL BOX & LUMBER COMPANY, INC., Plaintiff-Appellant,**

v.

**UNIROYAL, INC., Defendant-Appellee.**

No. 78–3282.

United States Court of Appeals,
Fifth Circuit.

Aug. 7, 1980.

Rehearing Denied Sept. 26, 1980.

Charles A. Potter, Texarkana, Tex., for plaintiff-appellant.

Atchley, Russell, Waldrop & Hlavinka, Norman C. Russell, Howard Waldrop, Texarkana, Tex., for defendant-appellee.

Before GOLDBERG, GARZA and REAVLEY, Circuit Judges.

GARZA, Circuit Judge:

This is a diversity action in which the Appellant Commercial Box & Lumber Company [Commercial Box] sought a monetary judgment from Uniroyal, Inc. for the latter's alleged wrongful deduction of discounts arising out of a purchase contract between the two. The district court granted summary judgment in favor of Uniroyal on the ground that the present suit is barred by *res judicata*. We reverse.

On November 20, 1974, Commercial Box and Uniroyal entered into Purchase Contract No. 4–90145–2JB. The contract pro-

vided for Commercial Box to supply ammunition boxes to Uniroyal at the Joliet Army Ammunition Depot in Joliet, Illinois. The ammunition boxes were to be constructed according to Defendant's specifications. On July 21, 1975, after shipments began, Uniroyal notified Commercial Box of a change in destination. Uniroyal desired a change in its destination point from Joliet to the Kansas Army Ammunition Plant in Parsons, Kansas. Due to more rigid inspection procedures at the Kansas plant, a higher number of boxes were rejected. This required their transportation to Texarkana, Texas for correction of the defects. Upon re-delivery, they were accepted at the Kansas plant.

After a breakdown in negotiations, Commercial Box filed a diversity suit in district court to recover its labor and lumber losses incurred in performing the contract arising out of the delivery and re-delivery of boxes to Kansas. A trial by jury resulted in a monetary judgment favorable to Commercial Box. The present suit arises out of the same purchase contract but involves a different issue. The terms of payment allowed Uniroyal to deduct a discount if payment was made in ten days. The ten day period did not begin to run until delivery of the ammunition boxes to the destination.[1]

In the instant suit, Commercial Box alleges a wrongful deduction of discounts from Uniroyal's payment prices for the period of November 1974 to January 1976. Commercial Box contends that Uniroyal had no right to the discounts since payments were made after the ten day period. Uniroyal filed a motion for summary judgment claiming that, in light of the allegations and decision in the first case, this case should be barred by res judicata or in the alternative under the doctrine of collateral estoppel. The district court granted Uniroyal's motion on the grounds that the action was barred by res judicata.

Although state law governs whether a state court judgment bars a subsequent federal diversity action, Cleckner v. Republic Van & Storage Co., Inc., 556 F.2d 766, 768 (5th Cir. 1977), the situation is different when the first suit was brought in federal court. When a prior action is brought in diversity in federal court, the federal law of res judicata governs in a second suit brought in diversity. Aerojet-General Corp. v. Askew, 511 F.2d 710, 715 (5th Cir. 1975), appeal dismissed, 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975). Even though the second action in Aerojet was brought under federal question as well as diversity, the above rule applies even when both the previous and subsequent actions are based solely on diversity. Id. at 718. See also Johnson v. United States, 576 F.2d 606, 610 (5th Cir. 1978); Cleckner v. Republic Van & Storage Co., Inc., 556 F.2d at 769 n.4. Thus, this court is clearly bound by the federal law of res judicata.

Under federal law, a prior suit which concluded with a final judgment on the merits rendered by a court of competent jurisdiction acts as an absolute bar to a subsequent action between the same parties based on the same action. Kilgoar v. Colbert County Board of Education, 578 F.2d 1033, 1035 (5th Cir. 1978). The federal law of res judicata also establishes that a judgment in a prior suit bars a subsequent cause of action between the same parties not only as to all matters litigated in the first suit but also as to all issues that could have been litigated regarding the same cause of action. Johnson v. United States, 576 F.2d at 611; Moch v. East Baton Rouge Parish School Board, 548 F.2d at 594, 596 (5th Cir. 1977), cert. denied, 434 U.S. 859, 98 S.Ct. 183, 54 L.Ed.2d 132 (1977).

Clearly, the prior action resulted in a final judgment rendered by a court of competent jurisdiction. Additionally, the par-

---

1. Apparently, Commercial Box was forced on many occasions to set the beginning point of the ten day period as the date of shipment rather than delivery. This discrepancy allegedly occurred because Uniroyal occasionally failed to send Commercial Box a copy of its receipt of the boxes. When Commercial Box was given a copy of such a receipt, it would use that date rather than the date of shipment as the starting period. In most instances, however, the time difference between shipping and receipt was allegedly only twelve hours.

ties in the present lawsuit are identical to those in the first. The only dispute in this case as to the existence of the elements necessary to satisfy the federal *res judicata* rule is whether the present suit is based upon the same cause of action as the first. In comparing causes of action, the question is whether the prior right and duty and wrong are the same in each action. *Kemp v. Birmingham News Company*, 608 F.2d 1049, 1052 (5th Cir. 1979). A second cause of action is the same if it refers to all grounds for relief arising out of the conduct complained of in the original action. *Kilgoar v. Colbert County Board of Education*, 578 F.2d at 1035.

Based upon the foregoing discussion of the federal law on *res judicata*, it is clear that the present action does not arise out of conduct complained of in the first law suit. The first cause of action was based upon losses in labor and lumber which arose from Uniroyal's unilateral decision to change the destination point for the delivery of the ammunition boxes. That was the sole issue raised in the first action. There was no mention of Uniroyal's method of

payment, the time period of its payments not its taking of discounts stemming from the payment price.[2] Not only were these issues not raised but they are in no way germane or related to the challenge made in the first suit. The issue in the present suit is based upon a different cause of action than that alleged in the first suit. Likewise, the matter involved in the present case is not one that could have been litigated in the first case in light of that case's legal and factual bases.[3] Since this court holds that the present issue is clearly a separate and distinct action from that raised in the first suit, the district court's granting of summary judgment based upon *res judicata* was clearly erroneous.

REVERSED AND REMANDED.

2. Because the alleged wrongful discounting occurred both prior to and during Commercial Box' prior action, the district court held that the present issue could have been tried in the first cause of action. The district court thus found that Commercial Box' failure to litigate the present issue amounted to a lack of diligence. This court cannot agree. Commercial Box could have chosen to include the present issue in its first law suit under Rule 18(a). It was not required to do so, however. Commercial Box filed suit only on the labor losses it incurred related to the change in destination. The owner and general manager of Commercial Box, Robert Torrans, stated in his deposition that the fact that the first suit was confined to the issue of increased labor and lumber costs was due to representations by Uniroyal that if claims were made solely on those issues, there would be more likelihood of payment. When Uniroyal did not pay, Torrans believed that the prior law suit had better chances of success if it was confined to those issues. In light of such alleged representations by Uniroyal and since Commercial Box was never required to include the present issue in its first complaint, we refuse to accept the district court's finding of a lack of diligence.

3. Uniroyal also contends that Commercial Box is estopped from recovering any further amount arising out of the instant purchase con-

tract. Uniroyal refers the court to an interrogatory propounded by Uniroyal to Commercial Box in the prior suit. Uniroyal's interrogatory number ten asked if Commercial Box was entitled to receive any sum from Uniroyal arising out of the purchase contract other than by reason of the provision of the contract relating to the inspection agreements. Uniroyal argues that Commercial Box' failure to include the instant issue in its answer now estops Commercial Box from filing any further suits arising out of that contract. Accepting Torrans' testimony in his deposition as true, *see* footnote two of this opinion, it seems that Commercial Box had a logical basis for restricting its first law suit as it did. Since the scope of the prior law suit was allegedly based upon representations made earlier by Uniroyal, it is difficult to understand how Uniroyal may now allege an estoppel argument. Even disregarding Torrans' explanation, however, it is clear that Uniroyal's estoppel argument is without merit. In its first action Commercial Box was not bringing an action on wrongful discounting. That issue had no relationship with Commercial Box' original complaint, and Commercial Box could not be expected to raise the issue of wrongful discounting when it was not a part of that first action.