[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10871
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-03325-RLV


DENISE DORSEY,

Plaintiff-Appellant,

versus

CITIMORTGAGE, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 24, 2014)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Denise Dorsey, proceeding pro se, appeals the district court's dismissal of

her state and federal civil rights claims, brought under diversity jurisdiction, 28

U.S.C. § 1332, and the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq., against CitiMortgage, Inc. ("Citi"). In November 2010, Dorsey filed a Verified Complaint for Emergency Injunctive Relief and Declaratory Judgment against Citi in the Superior Court of Clayton County, Georgia. She alleged that Citi lacked any legal or equitable interest in the note and security deed to her home, and hence lacked standing to foreclose. Dorsey also claimed that the foreclosure sale notice failed to comply with the notice provisions of O.C.G.A. § 44-14-162.2. Citi removed the case to the United States District Court for the Northern District of Georgia. In November 2011, the district court granted Citi judgment on the pleadings on all of Dorsey's claims.

The action now before us on appeal was filed on September 6, 2012 in the Superior Court of Clayton County. Dorsey disputed the amount in default and alleged that Citi had not credited her attempted payments to her mortgage loan account since April 2010, in violation of TILA. She also claimed, once again, that Citi lacked standing to foreclose on her home and that the notice of foreclosure was inadequate under Georgia law. Citi removed the case to the United States District Court for the Northern District of Georgia. On January 28, 2013, the district court dismissed this action on res judicata grounds.

We review de novo a dismissal based on res judicata. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). "Although state law

2

governs whether a state court judgment bars a subsequent federal diversity action, . . . [w]hen [the] prior action [was] brought in diversity in federal court, the federal law of res judicata governs in a second suit brought in diversity." Commercial Box & Lumber v. Uniroyal, Inc., 623 F.2d 371, 373 (5th Cir. 1980);[1] accord Citibank, N.A. v. Data Lease Financial, Corp., 904 F.2d 1498, 1501 (11th Cir. 1990) ("[E]ven in a case which rests its subject matter jurisdiction solely upon diversity of citizenship, a federal court must apply federal law to determine the preclusive effect of a prior federal court decision.").[2]  Under federal law, a claim is barred by res judicata if all four of the following elements are present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Ragsdale, 193 F.3d at 1238.  Each of these elements is present here.

The prior decision granting judgment on the pleadings is a final judgment on the merits rendered by a court of competent jurisdiction.  The parties in this action are identical to the parties in the prior action.  And the same cause of action is

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

[2] The district court applied Georgia law, instead of federal law, to determine the preclusive effect of the judgment in Dorsey's earlier lawsuit.  This was error.  However, this error does not warrant reversal because we conclude that application of the federal standard would yield the same result. Cf. Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1256 (11th Cir. 2001) (noting that "we may affirm [the] judgment on any ground that finds support in the record" (internal citations and quotations omitted)).

3

involved in both cases because both cases arise "out of the same nucleus of operative fact" and "is based upon the same factual predicate." Ragsdale, 193 F.3d at 1239. The events giving rise to Dorsey's claims in her present action, including the TILA claim, occurred before Dorsey filed her complaint in the prior action. Thus, these claims "were raised or could have been raised" in the first lawsuit. Id. at 1238.

As all four elements of res judicata are satisfied, we affirm the district court's dismissal of Dorsey's complaint as barred by the doctrine of res judicata.

**AFFIRMED.**