[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12894
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cv-00333-JSM-AEP

CARLTON HOOKER,

Plaintiff - Appellant,

versus

SECRETARY, U.S. DEPARTMENT OF VETERANS AFFAIRS,
WALLACE HOPKINS,
individual,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 13, 2015)

Before JULIE CARNES, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Carlton Hooker, now counseled, appeals the district court's dismissal of his *pro se* Title VII complaint as barred by res judicata. After careful review, we affirm.

I.

The lawsuit underlying Mr. Hooker's appeal is the third he has filed against the Secretary of the Department of Veterans Affairs (the "Secretary") based on his previous employment as a police officer for the Bay Pines Veterans Affairs Health Care system ("Bay Pines") in Bay Pines, Florida. In each suit, Mr. Hooker alleged that Bay Pines took various retaliatory measures against him after he disclosed sensitive information during an August 2008 deposition in an administrative investigation. According to Mr. Hooker, in April 2009 he was given notice of a 14-day suspension. The following month, he filed a complaint with the Equal Employment Opportunity Commission ("EEOC") based on the suspension notice. In October 2009, he learned that his employer intended to discipline him again or terminate him, so he filed a second complaint with the EEOC. Bay Pines issued him a notice of termination in December 2009, which was effective January 4, 2010.

In June 2011, while his EEOC proceedings remained pending, Mr. Hooker filed his first lawsuit, alleging claims of retaliation and retaliatory hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

2

§ 2000e et. seq.  He alleged in relevant part that Bay Pines had "engaged in a pattern and practice of retaliation and hostile retaliatory work environment," which included "termination, suspension, reprimand[,] and counseling" of a number of police officers, including Mr. Hooker.[1]  *See Hooker v. Shinseki, Sec'y, Dep't of Veterans Affairs*, No. 8:11-CV-1230 (M.D. Fla.) ("*Hooker I*"), Doc. 1 at 2-4.  Mr. Hooker alleged that the retaliation against him stemmed from his 2008 deposition disclosure as well as his complaints to the EEOC.  *Id.* at 4, 7-10.  The district court dismissed *Hooker I* on December 6, 2012 with prejudice, citing Mr. Hooker's willful failure to comply with discovery orders.

Rather than appealing, Mr. Hooker filed a second complaint the following day.  *See Hooker v. Shinseki, Sec'y, Dep't of Veterans Affairs*, No. 8:12-CV-2759 (M.D. Fla.) ("*Hooker II*"), Doc. 1.  In that complaint, he reiterated his allegations of retaliation and hostile retaliatory work environment.  On February 15, 2013, the district court dismissed *Hooker II* as barred by res judicata.  Again, Mr. Hooker did not appeal.

About a year later, on February 10, 2014, Mr. Hooker filed suit for the third time.  *See Hooker v. Shinseki, Sec'y, Dep't of Veterans Affairs*, No. 8:14-CV-333

---

[1] At the time, Mr. Hooker sought to join several other police officers in a class action suit against the Secretary for Bay Pines's alleged retaliation.  He stresses on appeal that in *Hooker I* the allegations specific to him concerned his suspension, not his termination.  But he had already been terminated by the time he filed *Hooker I*, and he noted that fact in his *Hooker I* complaint.  *See Hooker I*, Doc. 1 at 9-10.  As discussed below, these facts are particularly relevant to our res judicata analysis.

(M.D. Fla.) ("*Hooker III*") at Doc. 1, 4.[2]  In his complaint, Mr. Hooker again alleged that Bay Pines engaged in a "pattern and practice of retaliation and hostile retaliatory work environment . . . ."  *Id.*, Doc. 4 at 3.  Although he omitted specific allegations concerning his 2008 deposition testimony, Mr. Hooker alleged that Bay Pines "continued to maintain the pattern, practice[,] and culture of retaliation" by retaliating against him for his EEOC filings.  *Id.*  The Secretary moved to dismiss on res judicata grounds, and, on April 29, 2014, the district court granted the motion.  Mr. Hooker now appeals.

## II.

The doctrine of res judicata "bars the filing of claims which were raised or could have been raised in an earlier proceeding."  *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).  We review *de novo* a district court's legal determination that a claim is barred by res judicata.  *Id.*  A claim is barred by res judicata if each of the following elements is satisfied:  (1) there is a final judgment on the merits, (2) the decision was rendered by a court of competent jurisdiction, (3) the parties (or those in privity with them) are identical in both suits, and (4) the cases involve the same cause of action.  *Id.*  Mr. Hooker disputes only the fourth of these elements.

---

[2] In addition to naming the Secretary, Mr. Hooker named Wallace Hopkins, former Director of Bay Pines, as a defendant.  He does not appeal the district court's dismissal of the claims against Mr. Hopkins, so we do not address them here.

"The principal test for determining whether the causes of action [at issue] are the same is whether the primary right and duty are the same in each case." *Id.* at 1239 (internal quotation marks and alteration omitted). "In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." *Id.* (internal quotation marks omitted). "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, [then] the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Id.* (internal quotation marks omitted). We also ask whether the issues to be resolved "arise out of the same transaction or series of transactions" as the issues previously explored, whether the plaintiff could have brought the claim he now pursues when he brought the first claim, and whether he should have brought it earlier. *Id.* If we answer yes to these questions, then the claim is barred by res judicata.

We conclude the district court was correct to dismiss *Hooker III* as barred by res judicata. Mr. Hooker filed *Hooker I*, in which he alleged Bay Pines violated Title VII by suspending and removing him in retaliation for protected conduct (including EEOC complaints), after he had been terminated from his job as a police officer. *Hooker III* contains the same primary allegation: acting in retaliation for protected conduct (specifically, EEOC complaints), Bay Pines violated Title VII by suspending and ultimately removing Mr. Hooker. Both cases

5

arise out of the same nucleus of operative fact, so principles of res judicata apply. *See id.*

Mr. Hooker contends that because *Hooker III* concerns his ultimate termination due in part to the EEOC complaints he filed after his suspension (on which he based *Hooker I*), his claims in *Hooker III* are distinct from those in *Hooker I*.[3]  Although we acknowledge that in *Hooker III* Mr. Hooker emphasized his termination more than he did in *Hooker I*, the fact remains that all of the Title VII violations Mr. Hooker identified in both complaints arose out of the same alleged retaliatory practices of Bay Pines.  The *Hooker I* complaint alleged that Bay Pines management, specifically Police Chief Robert Shogren, was plotting to discipline or terminate him for his previous EEOC activities.  The complaint also described how and when Mr. Hooker filed his EEOC retaliation complaint, "in which the trumped up charges by Chief Shogren were included in the overall pattern of harassment."  *Hooker I*, Doc. 1 at 9.  Further, Mr. Hooker relied in part on testimony obtained during his EEOC proceedings to support his allegations in the *Hooker I* complaint.   In other words, the claims in *Hooker I* and in *Hooker III*

---

[3] We reject the Secretary's assertion that Mr. Hooker waived this argument and his exhaustion argument by failing to raise them before the district court.  *See Hooker III*, Doc. 15 at 10-12 (distinguishing suspension claims from claims based on his termination and arguing some issues remained before the EEOC for review).  We do not, however, consider Mr. Hooker's contention, raised for the first time in his counseled reply brief, that the Secretary cannot invoke res judicata because he acquiesced in any claim-splitting by failing to object in *Hooker I*.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 683 (11th Cir. 2014).

6

(and, of course, in *Hooker II*) all arose out of the same "series of transactions." *See id.*

Moreover, in both complaints, Mr. Hooker stated that the retaliation included removal from his position as a Bay Pines police officer. Thus, Mr. Hooker's own pleadings illustrate that he could have brought his *Hooker III* termination claims when he filed suit the first time. *See Kilgoar v. Colbert Cnty. Bd. of Educ.*, 578 F.2d 1033, 1035 (5th Cir. 1978) ("[P]laintiffs are barred from presenting any ground for relief arising out of the defendants' conduct complained of in their first or second lawsuits.").[4] And, because all of his claims against Bay Pines are closely related, we conclude that he should have done so. *See Montana v. United States*, 440 U.S. 147, 153-54 (1979) (emphasizing that, following "a full and fair opportunity to litigate," res judicata "protects [a party's] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.").

Mr. Hooker argues in the alternative that the claims he advanced in *Hooker III* could not have been brought in either of his previous actions because he had not yet exhausted his administrative remedies with the EEOC. The parties' descriptions of the EEOC proceedings in this case are hardly a model of clarity, but

---

[4] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

we need not sort out when the EEOC complaints were resolved because we previously have held that a claim can be barred by res judicata even if a plaintiff has not received a right to sue letter (thus exhausting his administrative remedies), so long as the facts giving rise to both claims were in existence at the time he filed suit. *See Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003) (rejecting the plaintiff's argument that an Americans with Disabilities Act claim is not barred by res judicata where the plaintiff previously filed suit prior to obtaining a right to sue letter); *Jang v. United Techns. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000) (same); *O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1355-56 & n.15 (11th Cir. 2000) (emphasizing that, for res judicata purposes, what matters is "identity of the factual circumstances" from which a plaintiff's claims arise, not whether a right to sue letter issued after the first suit was filed). Because Mr. Hooker had been terminated in 2010 allegedly in retaliation for protected conduct, the facts giving rise to all of his claims existed when he filed *Hooker I* in 2011. The claims he asserts in *Hooker III* are, therefore, barred by res judicata.

## III.

For the foregoing reasons, we affirm the district court's dismissal of Mr. Hooker's complaint as barred by res judicata.

**AFFIRMED.**

8