[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13342

Non-Argument Calendar

_____

CARLTON EUGENE HOOKER, JR.,

Plaintiff-Appellant,

versus

KEVIN T. HANRETTA,
Individually and Officially,
KAREN MULCAHY,
Officially only,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-01614-TPB-TGW

_____

Before WILSON, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Carlton Hooker, Jr., appeals from the district court's *sua sponte* dismissal of his civil rights complaint on the ground that it was "an attempted end run" around two pre-filing injunctions entered against Hooker in prior proceedings. After review, we conclude the district court erred and we remand for further proceedings.

## I.    Background

At one time, Hooker was employed as a police officer at Bay Pines Veterans Affairs Health Care System in Florida. *Hooker v. Sec'y, U.S. Dep't of Veterans Affs.*, 607 F. App'x 918, 919 (11th Cir. 2015) (unpublished) (*Hooker I*). However, in 2010, Bay Pines terminated Hooker's employment. *Id.* Over the last decade, Hooker has filed numerous suits against the United States Department of Veterans Affairs ("VA") and individuals associated with that department raising employment discrimination claims and claims related to the VA's subsequent vacancy announcements and its failure to hire him. *See id.* at 919–920; *see also Hooker v. Sec'y, Dep't of Veteran Affs.*, No. 21-13311, 2022 WL 4365798, at *1 (11th Cir. Sept. 21, 2022). As a result, on August 8, 2021, a district

court judge issued a pre-filing injunction enjoining Hooker "from filing any new [*pro se*] action, complaint, or claim for relief against the Secretary of Veterans Affairs related to his employment in federal court, state court, or any other forum." *Hooker v. Wilkie*, No. 8:20-cv-02557-KKM-JSS, Doc. 26 (M.D. Fla. Aug. 9, 2021).

Thereafter, Hooker brought another action against the United States raising claims related to a 2016 "ban" from the Bay Pines facility placed on him by the VA. *Hooker v. United States*, No. 8:22-cv-00537-KKM-MRM, Doc. 29 (M.D. Fla. Aug. 11, 2022). On August 11, 2022, a different district court judge modified the earlier pre-filing injunction to enjoin Hooker "from filing [*pro se*] any new action, complaint, or claim for relief against the Department of Veterans Affairs, its employees, or any agency of the United States, related to his employment and/or the 'ban' imposed by the VA, under any theory." *Id.*

However, in July 2022, prior to the August 11, 2022, modification of the pre-filing injunction, Hooker filed the underlying complaint in the Middle District of Florida. In the complaint, Hooker did not raise any claims related to employment with the VA. Instead, he alleged that on several occasions between 2016 and 2018, the VA unlawfully "banned" him from the Bay Pines facility based on false information. He asserted that as a result of the ban, he was "consistently harassed [sic] by the VA police" when he visited another outpatient clinic for treatment, and that he had been denied access to medical care at the Bay Pines facility and VA benefits and services at a regional office, prevented

from visiting a family member in the Bay Pines facility, and denied access to the Bay Pines VA National Cemetery.

Although Hooker purported to serve the defendants via registered mail, they never entered an appearance, and Hooker moved for summary judgment.[1]  Thereafter, the district court *sua sponte* dismissed the complaint with prejudice in an endorsed order, concluding that it was "an attempted end run" around the pre-filing injunctions discussed previously.  Hooker, proceeding *pro se*, appealed.[2]

---

[1] Two months after Hooker filed this appeal, the defendants who did not appear below filed in this Court an out of time motion for an extension of time to file a response brief.  In the motion, the defendants state that, although Hooker purportedly served them via mail, they did not receive notice of the case and were unaware of the filing until recently.  We DENY AS MOOT the motion for extension of time to file a response brief.  We direct the district court on remand to determine whether Hooker served the defendants.  We also note that there does not appear to be any personal service on the defendant who was named in his individual capacity.

[2] We note that Hooker filed his notice of appeal over forty days from the endorsed order, which would normally render his appeal untimely.  *See* Fed. R. App. P. 4(a)(1)(A) (providing that in a civil case, absent circumstances not present here, a notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from").  However, because the district court did not enter a separate written judgment as required by Federal Rule of Civil Procedure 58, the time to appeal did not begin to run for purposes of Rule 4(a) until 150 days after the entry of the endorsed order on the docket.  *See id.* Rule 4(a)(7)(A)(ii).  Therefore, Hooker's appeal is timely.

## II.    Discussion

Liberally construing Hooker's *pro se* brief, he argues, among other grounds, that the district court abused its discretion in dismissing his complaint because he did not violate the initial pre-filing injunction as the underlying complaint "makes no mention of employment." He further maintains that the complaint did not violate the modified pre-filing injunction which enjoined him from filing "any new action" against the VA and associated individuals relating to either his employment or "the 'ban' imposed by the VA" because he filed the underlying complaint in July 2022, prior to the modification of the pre-filing injunction.[3] After careful review, we must agree.

A district court may *sua sponte* dismiss a case for failure to comply with court rules under Federal Rule of Civil Procedure 41(b) or based on its inherent authority to manage its own docket. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). Although the district court did not specify whether it relied on Rule 41(b) or its inherent authority to *sua sponte* dismiss the underlying action, we review dismissals under either authority for an abuse of discretion. *Id.*

Here, the plain language of the initial 2021 pre-filing injunction enjoined Hooker from filing any new *pro se* action,

---

[3] Hooker also takes issue with the dismissal of several of his prior cases as well as the modification of the pre-filing injunction and accuses various individuals of fraud upon the court. We do not reach these issues.

complaint, or claim against the Secretary of the VA that "related to his employment" with the VA. *See Wilkie*, No. 8:20-cv-02557-KKM-JSS, at Doc. 26. Hooker did not mention anything about his employment in the underlying complaint. Instead, he referenced a 2016 injunction imposed by the VA which banned him from the Bay Pines facility. Based on the limited record before us, there is no basis for us to infer that the 2016 "ban" is related to Hooker's employment—Hooker's complaint does not state what the ban originated from, the defendants did not appear below or file a response, and Hooker's prior appeal indicates that his employment terminated in 2010. *Hooker I*, 607 F. App'x at 919. Accordingly, we cannot say that the complaint fell within the scope of the initial 2021 pre-filing injunction.

Finally, although the August 2022 modified pre-filing injunction enjoins Hooker from filing new *pro se* actions against the VA "related to his employment and/or the 'ban' imposed by the VA, under any theory," Hooker filed the underlying complaint in July 2022 prior to the modification of the pre-filing injunction. Thus, because Hooker filed the underlying complaint prior to the modification of the pre-filing injunction, the modified pre-filing injunction could not operate to bar the underlying complaint.

Accordingly, we conclude that the district court abused its discretion in dismissing the complaint on the ground that it was an

22-13342                    Opinion of the Court                            7

attempted end run around the referenced pre-filing injunctions.[4] Therefore, we vacate the dismissal and remand for further proceedings.[5]

**VACATED AND REMANDED.**

---

[4] We express no opinion on the merits of Hooker's complaint, and the district court is free on remand to dismiss on other grounds should it deem dismissal appropriate for other reasons.

[5] Hooker's motion for entry of judgment due to the appellees' failure to file a response brief in this Court is DENIED.