# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2023

Lyle W. Cayce
Clerk

No. 22-30683

M. C. Moore, *as father and next friend to minors* Joyce Marie Moore, Jerry Moore, and Thelma Louise Moore; Henry Smith, *as father and next friend to minors* Bennie Smith, Charles Edward Smith, Shirley Ann Smith, and Earline Smith,

*Plaintiffs—Appellants*,

*versus*

Tangipahoa Parish School Board, *a corporation*; C. Glenn Westmoreland, *President*; Melissa Martin Stilley, *Superintendent*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:65-CV-15556

_____

Before Higginbotham, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

In this long-standing school desegregation case, the district court entered an order that would be effective only if no party objected. The

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30683

plaintiffs objected, blocking the effectiveness of the order from which this appeal purports to be taken. The appeal is DISMISSED.

We offer a little background. In 1965, the plaintiffs sued Tangipahoa Parish School Board, claiming equal protection violations under 42 U.S.C. § 1983 stemming from systemic racial segregation. *Moore v. Tangipahoa Par. Sch. Bd.*, 864 F.3d 401, 403 (5th Cir. 2017). In 1967, the district court issued its first injunction with the goal of achieving unitary status in the Tangipahoa Parish School District. *Id.* Several other injunctions have followed, *id.*, with other appeals to this court occurring as well.[1]

In March 2021, the district court declared provisional unitary status for the school district with respect to facilities. Since then, the district court has approved several facility improvements in the school district. On September 30, 2022, the school board moved to expand and improve additional facilities throughout the school district. These expansions focus on classroom additions.

On October 5, 2022, the district court wrote that it granted the school board's motion, but only if no party objected:

> **IT IS FURTHER ORDERED** that the motion for court approval to expand and improve physical plants of schools <u>throughout</u> the Tangipahoa Parish School District (Rec. Doc. 1700) is **GRANTED**, <u>provided</u> it is unopposed and in accordance with existing court orders.

---

[1] *See, e.g.*, *Moore v. Tangipahoa Par. Sch. Bd.*, 496 F.2d 696 (5th Cir. 1974); *Moore v. Tangipahoa Par. Sch. Bd.*, 594 F.2d 489 (5th Cir. 1979); *Moore v. Tangipahoa Par. Sch. Bd.*, 843 F.3d 198 (5th Cir. 2016); *Moore v. Tangipahoa Par. Sch. Bd.*, 864 F.3d 401 (5th Cir. 2017); *Moore v. Tangipahoa Par. Sch. Bd.*, 921 F.3d 545 (5th Cir. 2019).

No. 22-30683

On October 18, 2022, the plaintiffs filed their opposition to the school board's motion and to the court's order. The plaintiffs nonetheless appealed the district court's order to this court.

The parties dispute our appellate jurisdiction. The plaintiffs insist this court has jurisdiction under 28 U.S.C. § 1292(a)(1), which provides:

> (a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:
>
>> (1) Interlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . .

The school board responds that the district court's order, which would be effective "provided it is unopposed," has no effect because the plaintiffs formally registered their opposition.

By its own terms, the order has not been granted and has not altered any injunction. Simply put, it has no effect at all.

APPEAL DISMISSED.